PAUL S. PADDA, ESQ. *(NV Bar #10417)*
Email: *psp@paulpaddalaw.com*
JOSHUA Y. ANG, ESQ. *(NV Bar #14026)*
Email: *ja@paulpaddalaw.com*
**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940

*Attorneys For Plaintiff And The Proposed Classes*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KATHLEEN BLISS, on behalf of herself, the Proposed Nationwide Rule 23 Class, and the Proposed Nevada Subclass,<br><br>Plaintiff,<br>v.<br><br>CORECIVIC, INC.,<br><br>Defendant. | Case No.:<br><br>Dept. No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>*(DEMAND FOR JURY TRIAL)* |

## JURISDICTION AND VENUE

1.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, *et. seq.* ("Federal Wiretap Act").

2.  This Court further has jurisdiction pursuant to 28 U.S.C. § 1367 because the claim under Nevada Revised Statutes § 200.620, *et. seq.*, ("Nevada Wiretap Act") is so related to the Federal Wiretap Act claim that it forms part of the same case or controversy.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the causes of action set forth herein have arisen and occurred, in part, in this judicial district, and Defendant is subject to this Court's personal jurisdiction.

…

1

## PARTIES AND BACKGROUND INFORMATION

4. Plaintiff incorporates by reference the preceding paragraphs.

5. This case is about a for-profit prison company illegally recording confidential phone calls between attorneys and their clients who are detained in the company's detention facilities. Plaintiff brings this lawsuit on behalf of herself, a Proposed Nationwide Rule 23 Class, and a Proposed Nevada Subclass against Defendant for violations the Federal Wiretap Act and Nevada Wiretap Act.

6. Plaintiff Kathleen Bliss is a licensed attorney, authorized to practice law in the State of Nevada and before The United District Court for Nevada. Plaintiff's office is located in Henderson, Clark County, Nevada. At all times, Plaintiff has represented clients who have been or are currently detained by the United States Marshal Service at a private detention facility in Pahrump, Nevada, the Nevada Southern Detention Center.

7. Defendant CoreCivic, Inc. (formerly known as Corrections Corporation of America, Inc.) ("CoreCivic") is a private corrections management company that manages prisons, jails and detention facilities across the United States, including the Nevada Southern Detention Center. Defendant is a Maryland, for-profit corporation.

8. When clients of criminal attorneys, such as Plaintiff, are detained through a Pretrial Order of Detention issued by a United States Magistrate Judge, the clients are remanded to the custody of the United States Marshal Service to be held pending resolution of the criminal case.

9. The United States Marshal Service contracts with detention facilities, including those owned and operated by CoreCivic, to detain the clients.

10. The United States Marshal Service for the District of Nevada contracts with CoreCivic for operation of the Nevada Southern Detention Center.

11. Plaintiff, during the course of representing her clients, has had numerous conversations with her clients, both telephonically and in person while her clients were detained

at CoreCivic's Pahrump facility.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference all preceding paragraphs.

13. CoreCivic is a private, for-profit corporation that manages detention facilities, including Nevada Southern Detention Center.

14. The United States Marshal's Service uses detention facilities operated and managed by CoreCivic, including the Nevada Southern Detention Center, to house federal inmates.

15. Attorneys, including Plaintiff, routinely contact their clients in CoreCivic facilities by phone, video conference, and/or in person to discuss confidential matters. Plaintiff has so contacted clients in the Nevada Southern Detention Center from locations within Nevada. Plaintiff and other similarly situated attorneys do so with the understanding that their conversations with their clients are private. Similarly, the clients/detainees understand that in-person and remote conversations with their attorneys are confidential and not recorded.

16. CoreCivic, however, records confidential attorney-client communications without the consent of attorneys at its facilities throughout the United States, including in Nevada.

17. CoreCivic also records confidential attorney-client communications without the consent of the clients/detainees at its facilities throughout the United States, including in Nevada.

18. There is no legitimate reason to record calls between detainees and their attorneys.

19. The recordings of conversations between detainees and their attorneys do nothing to further the facilities' security or public safety.

20. At all relevant times, CoreCivic knew it was operating a telephone system in its facilities, including facilities in Nevada, that monitored, intercepted, captured and/or recorded confidential attorney-client communications.

21. CoreCivic is aware of virtually identical complaints from other parts of the country where it provides services, including in Kansas, Missouri, and other locations.

22. The equipment CoreCivic used to intercept, record, and/or share detainees' calls neither facilitated those telephone calls and in-person meetings, nor were the recordings of the calls and meetings a necessary incident of the calls and meetings.

23. CoreCivic and its call service/phone provider ("vendor") store recordings in a computer server, and, regularly give access to those recordings to law enforcement agencies.

24. Detainees at CoreCivic owned and operated facilities are at substantial risk of having their attorney calls and meetings monitored, recorded and used against them to negatively prejudice their criminal cases.

25. Similarly, both attorneys and their clients face substantial risk that CoreCivic will continue to violate their rights under the Federal and Nevada Wiretap Acts.

26. Further, even if an attorney were suspected or were aware that his/her calls and in-person meetings were being monitored and recorded, the detainee's Sixth Amendment rights would still be in serious jeopardy, because the attorney would have no choice and no way of avoiding surveillance and recording for meetings and conversations between the attorney and the client.

27. Criminal defense attorneys, including the Plaintiff, must frequently consult with their clients. As an investigation proceeds, they must confer about various case details to inform their defense of the case, including investigation, motion practice, and trial strategy.

28. The same unlawful practices and procedures described above affect all attorneys representing clients in CoreCivic facilities across the country.

## CLASS ACTION ALLEGATIONS

29. Plaintiff incorporates by reference all preceding paragraphs.

30. Plaintiff brings her claim under the Federal Wiretap Act in her individual capacity and on behalf of the following proposed class ("Nationwide Federal Wiretap Class") under Federal Rule of Civil Procedure 23:

All attorneys who have or will represent clients/detainees who are detained at any CoreCivic facility—excluding CoreCivic .locations in California and the

4

CoreCivic facility in Leavenworth, Kansas—from July 12, 2016, to the present, plus periods of tolling, whose communications have been intercepted, disclosed or used by Defendant and/or its affiliates.

31. Excluded from this class are Counsel for Plaintiffs, anyone employed by counsel for Plaintiffs, and any judge to whom this case is assigned, as well as his or her employees and immediate family.

32. Plaintiff brings her claim under the Nevada Wiretap Act in her individual capacity and on behalf of the following proposed subclass ("Nevada Wiretap Subclass"):

All Nationwide Federal Wiretap Class Members who have or will represent clients/detainees at any CoreCivic facility in Nevada.

33. The classes should be certified under Federal Rule of Civil Procedure 23(b)(3) for the reasons set forth below.

34. The members of the proposed classes are so numerous that joinder of all members is impracticable. The exact number of class member is unknown at this time, but it is reasonably believed that there would be thousands of class members and in excess of 500 subclass members.

35. The questions of law and fact are common to every member of the classes. The questions include but are not limited to:

   a. Whether Defendant recorded class members' calls with clients/detainees;
   b. Whether Defendant's practice of recording calls is illegal; and
   c. Whether class members are entitled to damages.

36. The claims of Plaintiff are typical of the claims of the classes. Plaintiff's conversations with her clients were wiretapped in the same manner as class members' claims were wiretapped by Defendant at CoreCivic facilities in Nevada and around the country.

37. Prior litigation indicates that Defendant has treated a large number of criminal defense attorneys in the same manner as Plaintiff. For example, in Johnson v. Corecivic, Case No. 16-CV-947-SRB, in the United States District Court for the Western District of Missouri,

Plaintiffs have identified that, for the CCA-Leavenworth facility in Leavenworth, Kansas facility, at least 567 attorneys have been treated in this way (ECF Doc. No. 179).

38. Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff has retained counsel who are competent to pursue this case, and Plaintiff does not have any interests that are antagonistic to the interests of the classes.

39. Questions of law and fact common to the members of the classes predominate over any questions that affect any individual class member. The common questions identified above will be dispositive of this litigation.

40. A class action is a superior method of adjudicating this case because it is the most fair and efficient way of resolving this controversy. The illegal conduct is standardized; the class members do not have an interest in individually controlling the prosecution of the case; and there are no cases that have been brought by class members.

41. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Numerous repetitive individual actions would also place an enormous burden on the courts, as they would be forced to take duplicative evidence and repeatedly decide the same issues concerning Defendant's conduct.

42. The classes should also be certified under Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2) because:

    a. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members that would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual class members would create

a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

    c. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final and injunctive relief with respect to the class members as a whole.

43. Alternatively, this case can be maintained as a class action with respect to particular issues under Federal Rule of Civil Procedure 23(c)(4), including but not limited to, the issue of whether Defendant improperly intercepted, disclosed or used, or procured another person to intercept, disclose or use confidential attorney-client communications.

## COUNT I

## VIOLATION OF TITLE III OF THE OMINIBUS CRIME CONTROL AND SAFE STREETS ACT OF 1968 (18 U.S.C. § 2510, *et. seq.*)

*(Federal Wiretap Claim on behalf of Nationwide Federal Wiretap Class)*

44. Plaintiff incorporates by reference all preceding paragraphs.

45. Title III of the Omnibus Crime Control and Safe Streets Act ("Federal Wiretap Act") broadly prohibits intercepting, disclosing, or using the contents of any wire, oral, or electronic communication.

46. Defendant has violated (and continue to violate) attorneys' rights under the Federal Wiretap Act. Plaintiff and the class members are directly affected.

47. Defendant has acted and continues to act unlawfully to intercept communications between class members, like Plaintiff, and their clients/detainees, and disclose those confidential communications to third parties, in violation of the Federal Wiretap Act.

48. Defendant violates the Federal Wiretap Act when it intentionally intercepts,

discloses, uses, or procures other persons to intercept, disclose or use wire oral or electronic communications (including, but not limited to phone calls and in-person meetings) between class members, like Plaintiff, and their detainees/clients.

49. Defendant further violates the Federal Wiretap Act when it intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication (including, but not limited to phone calls and in-person meetings) between class members, like Plaintiff, and their detainees/clients, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511.

50. The conversations that class members, including Plaintiff, had with their clients/detainees in Defendant's facilities are communications protected under the Federal Wiretap Act.

51. Class members, including Plaintiff, have been and are entitled to the rights, protections, and benefits provided under the Federal Wiretap Act, and they are "aggrieved persons" within the meaning of the Act.

52. Defendant and its vendor are "persons" within the meaning of the Federal Wiretap Act.

53. As set forth herein, Defendant unlawfully recorded confidential communications between class members, including Plaintiff, and their clients/detainees.

54. Defendant then disclosed certain of those confidential communications to third parties, such as law enforcement, in further violation of the Federal Wiretap statute.

55. In engaging in the above described illegal conduct, Defendant acted intentionally. It has not relied in good faith upon a court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization; a request of an investigative or law enforcement officer described under the Act; or a good faith determination that its conduct is allowed.

56. Pursuant to the Federal Wiretap Act, Plaintiff and each class member is entitled to

damages of either (a) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (b) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000, to be paid by Defendant.

57. Plaintiff and each class member is further entitled to punitive damages to be paid by Defendant.

58. Defendant is further liable to Plaintiff and the class members for their attorneys' fees and the costs incurred in this action.

## COUNT II

### Violation of Nevada Revised Statutes § 200.620, *et. seq.*

*(Nevada Wiretap Claim on behalf of Nevada Wiretap Subclass)*

59. Plaintiff incorporates by reference all preceding paragraphs.

60. The Nevada Wiretap Act broadly prohibits any attempt to and the actual act of intercepting, monitoring, recording, or disclosing of private communications, including those over the wires.

61. Defendant knowingly and willfully violated (and continue to violate) attorneys' rights under the Nevada Wiretap Act by intentionally recording such communications in Nevada. Plaintiff and the subclass members are directly affected. For example, the Named Plaintiff sought to dismiss charges against her client when she learned that her private phone calls with him were recorded, and subsequently provided to Law Enforcement..

62. Defendant has acted and continues to act unlawfully to intercept communications between subclass members, like Plaintiff, and their clients/detainees, and disclose those confidential communications to third parties, including prosecutors, in violation of the Nevada Wiretap Act.

63. Defendant violates the Nevada Wiretap Act when it attempts to or does intercept, monitor, record, or disclose the private communications (including, but not limited to phone calls and in-person meetings) between subclass members, like Plaintiff, and their detainees/clients.

64. The conversations that subclass members, including Plaintiff, had with their clients/detainees in Defendant's facilities are communications protected under the Nevada Wiretap Act.

65. Subclass members, including Plaintiff, have been and are entitled to the rights, protections, and benefits provided under the Nevada Wiretap Act.

66. Defendant and its vendor are obligated to abide by the Nevada Wiretap Act.

67. As set forth herein, Defendant unlawfully recorded confidential communications between class members, including Plaintiff, and their clients/detainees.

68. Defendant then disclosed certain of those confidential communications to third parties, such as law enforcement, in further violation of the Nevada Wiretap Act.

69. In engaging in the above described illegal conduct, Defendant has acted knowingly and willfully. Defendant agreed to and allowed the recording of attorney-client conversations. Defendant has not relied in good faith upon any public utility, a court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization; a request of an investigative or law enforcement officer described under the Act; or a good faith determination that its conduct is allowed.

70. Pursuant to the Nevada Wiretap Act, Plaintiff and each subclass members is entitled to damages of either (a) actual damages; or (b) liquidated damages of $100 per day of violation but not less than $1,000, whichever is greater, to be paid by Defendant.

71. Plaintiff and each subclass member is further entitled to punitive damages to be paid by Defendant.

72. Defendant is further liable to Plaintiff and the subclass members for their attorneys' fees and the costs incurred in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court certify this action as a class action, appoint Plaintiff class representative, appoint Plaintiff's undersigned counsel as class

counsel, find that Defendant violated the Federal Wiretap Act and Nevada Wiretap Act, and grant judgment, awarding damages, including those actual or statutory, liquidated, and punitive damages allowed under each Act, as well as injunctive relief, costs, attorneys' fees, and any further relief as the Court may deem just and proper.

DATE: July 12, 2018                    By: /s/ Paul S. Padda
                                                    Paul S. Padda
                                                    Joshua Y. Ang

Paul S. Padda
NV Bar No. 10417
Joshua Y. Ang
NV Bar No. 14026
PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, NV 89103
Tel: 702.366.1888
psp@paulpaddalaw.com
ja@paulpaddalaw.com

Michael Hodgson*
MO Bar No. 63677
THE HODGSON LAW FIRM, LLC
3699 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600.0117
mike@thehodgsonlawfirm.com

Lance D. Sandage*
MO Bar No. 46022
SANDAGE LAW LLC
1600 Genessee Street, Suite 655
Kansas City, MO 64102
Tel: 816.753.0800
lance@sandagelaw.com

Joseph K. Eischens*
MO Bar No. 44706
LAW OFFICE OF JOSEPH K. EISCHENS
1321 Burlington St., Suite 202
North Kansas City, MO 64116

Tel: 816.945.6393
joe@jkemediation.com
Matthew H. Morgan*
MN Bar No. 304657
Anna P. Prakash*
MN Bar No. 0351362
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: 612.256.3200
morgan@nka.com
aprakash@nka.com

*Pursuant to LR IA 11-2(c), attorneys will comply with LR IA 11-2 within 10 days.

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASSES**