UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Kathleen Bliss, On Behalf Of Herself, The Proposed Nationwide Rule 23 Class, And The Proposed Nevada Subclass, | Case No.: 2:18-cv-01280-JAD-GWF |
| Plaintiffs, | **ORDER** |
| V. | **Re: Motion to Stay Discovery (ECF No. 27)** |
| CoreCivic, Inc., | |
| Defendants. | |

This matter is before the Court on Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss the Amended Complaint (ECF No. 27), filed on October 19, 2018. Plaintiff filed her Response (ECF No. 33) on November 2, 2018, and Defendant filed its Reply (ECF No. 36) on November 9, 2018. The Court conducted a hearing in this matter on November 20, 2018.

**BACKGROUND**

Plaintiff Kathleen Bliss, a Nevada attorney, represents federal criminal defendants who have been ordered detained pending trial at the Nevada Southern Detention Center ("Detention Center") located in Pahrump, Nye County, Nevada. The Detention Center is owned and operated by Defendant CoreCivic, Inc., formerly known as Corrections Corporation of America, Inc., a private corporation. CoreCivic houses federal defendant-detainees under a contract with the United States Marshal's Service. Defendant operates a telephone system at the Detention Center which is used by defendant-detainees. Although Plaintiff was aware that Defendant intercepted and recorded telephone calls between defendant-detainees and non-attorneys, she was unaware until late 2016 that Defendant also intercepted and recorded privileged telephone

1

calls between defendant-detainees and their attorneys.  After learning that such calls were also intercepted and recorded, Plaintiff notified the government and court and believed that Defendant thereupon ceased that conduct.  She subsequently learned, however, that Defendant has continued to intentionally intercept and record telephone calls between defendant-detainees and their attorneys at its detention facilities in Nevada and other states.  *First Amended Complaint* (ECF No. 25), at ¶¶ 19-50.

Plaintiff alleges that Defendant's conduct violates the Federal Wiretap Act, 18 U.S.C. §§ 2510 et seq.  Section 2520 of that act provides that any person whose wire, oral or electronic communication is unlawfully intercepted may recover in a civil action against the violator, other that the United States, equitable or declaratory relief, actual damages, statutory damages, punitive damages, and reasonable attorney's fees.  Plaintiff alleges that Defendant has also violated the Nevada Wiretap Act, Nevada Revised Statutes (NRS) § 200.620 et seq.  NRS § 200.690.1(b) provides that a person who willfully and knowingly violates that act is liable to the person whose communication was intercepted without his consent, for actual or liquidated damages, punitive damages, and costs of suit including reasonable attorney's fees.

Plaintiff alleges a nationwide class action pursuant to Fed.R.Civ.P. 23 on behalf of "[a]ll attorneys who have or will represent clients/detainees who are detained at any CoreCivic facility---excluding CoreCivic locations in California and the CoreCivic facility in Leavenworth, Kansas---from July 12, 2016, to the present, plus periods of tolling, whose communications have been intercepted, disclosed or used by Defendant and/or its affiliates."  *First Amended Complaint* (ECF No. 25), at ¶ 52.  Plaintiff also seeks to allege a class action on behalf of a subclass consisting of "[a]ll Nationwide Federal Wiretap Class Members who have or will represent clients/detainees at any CoreCivic facility in Nevada."  *Id.* at ¶54.

Defendant has filed a motion to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendant argues that Plaintiff has failed to allege sufficient facts to show that Defendant intentionally intercepted her calls, knowing that she is an attorney.  Defendant also argues that the Federal Wiretap Act exempts from liability (1) interceptions made for legitimate business purposes, (2) interceptions

2

made for law-enforcement purposes, (3) interceptions of communications as to which the parties have no reasonable expectation of privacy, and (4) interceptions of communications to which a party impliedly consents.  Defendant argues that Plaintiff's claims under the Nevada Wiretap Act are subject to similar defenses and should also be dismissed.  *Motion to Dismiss* (ECF No. 26).

Defendant also moves for dismissal of Plaintiff's non-Nevada putative class claims pursuant to Fed.R.Civ.P. 12(b)(2) on the grounds that the Court does not have personal jurisdiction over Defendant with respect to such claims.  Defendant argues that the District of Nevada does not have general personal jurisdiction over it under the test set forth in *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S.Ct. 746 (2014); and does not have specific personal jurisdiction over it with respect to the claims arising from the interception of attorney-client telephone calls outside Nevada.  Defendant relies on *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, ___ U.S. ___, 137 S.Ct. 1773 (2017) ("*Bristol-Myers*"), and district court cases applying that decision to class action claims.  Defendant requests that the Court stay discovery pending a decision on its motion to dismiss.

Plaintiff argues that the exemptions for interceptions made for legitimate business purposes or for law enforcement purposes do not apply to Defendant.  She further argues that whether Defendant intentionally intercepted Plaintiff's telephone calls with knowledge that she is an attorney is an issue of fact on which discovery is necessary, as are the questions of whether Plaintiff and her clients had a reasonable expectation of privacy in their telephone communications, or whether they impliedly consented to the interceptions based on prior knowledge that their calls were being intercepted and recorded.

Plaintiff also argues that this Court has general personal jurisdiction over Defendant based on its extensive business activities and contacts in Nevada.  She further argues that *Bristol-Myers* does not preclude the exercise of specific personal jurisdiction over the Defendant with respect to the claims of non-Nevada class members whose telephone calls were intercepted at CoreCivic facilities in other jurisdictions.  Plaintiff, therefore, opposes a stay of discovery pending a decision on the motion to dismiss.

. . .

3

**DISCUSSION**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be stayed. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *Tradebay LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-03 (D.Nev. 2011). Courts have broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 to ensure the "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581.

When a motion to dismiss is based on the plaintiff's alleged failure to state a claim upon which relief can be granted, the court may stay discovery if (1) the pending motion is potentially dispositive; (2) it can be decided without additional discovery; and (3) the court, having taken a "preliminary peek" at the merits of the motion, is convinced that the plaintiff will be unable to state a claim for relief. *Kor Media Group*, 294 F.R.D. at 581; *Tradebay LLC v. eBay, Inc.*, 278 F.R.D. at 602-03. In contrast, where the defendant moves for dismissal based on lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, or qualified immunity, the standard for granting a stay of discovery is not as strict. Even in such cases, however, a stay of discovery is not automatically granted.

Having taken a preliminary peek at Defendant's motion to dismiss for failure to state a claim, the Court is not convinced that it will be granted. Defendant may have legitimate business reasons, in the form of security concerns, for monitoring and recording telephone calls between defendant-detainees and non-attorneys. It is less clear, however, that Defendant's legitimate security concerns or business purposes extend to the interception of potentially privileged communications between a defendant-detainee and his attorney. Plaintiff has also cited legal

4

authority that the law enforcement exception does not apply to a privately owned entity such as Defendant. *See United States v. Faulkner*, 323 F.Supp.2d 1111, 1112 (D.Kan. 2004). As to the other defenses raised by Defendant, the Court agrees with Plaintiff that those defenses potentially involve issues of fact on which discovery will be needed.

Turning to personal jurisdiction, it is unlikely that Nevada has general personal jurisdiction over Defendant under the test set forth in *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S.Ct. 746 (2014). Defendant is a Maryland corporation whose principal place of business is located in Tennessee. Although Defendant has substantial business operations in Nevada, it also has substantial operations in other jurisdictions. In *BNSF Ry. Co. v. Tyrrell*, ___ U.S. ___, 137 S.Ct. 1549 (2017), the Court held that Montana did not have general personal jurisdiction over the defendant railroad corporation which had over 2,000 miles of railroad track in the state, employed 2,100 workers in the state, and maintained an automotive facility in the state. These business activities were only a small percentage of defendant's business activities nationwide. *Id.*, 137 S.Ct. at 1554. In rejecting Montana's assertion of general personal jurisdiction, the Court noted that defendant was not incorporated in Montana and did not maintain its principal place of business there. Nor was it so heavily engaged in activity in Montana "'as to render [it] essentially at home' in that State." *Id.* at 1559. Plaintiff argues that CoreCivic's business activities in Nevada are much greater than those of the defendant in *BNSF*, such as to render it at home in this state. Given the narrow scope that the Supreme Court has given to general personal jurisdiction in *Daimler* and *BNSF*, however, it does not appear likely that general personal jurisdiction can validly be asserted over Defendant in Nevada. If jurisdiction over Plaintiff's class action claims depended on a finding of general personal jurisdiction, the Court would stay discovery regarding those claims until Defendant's motion to dismiss is decided.

The Court is not convinced, however, that this district lacks specific personal jurisdiction over the non-Nevada class claims based on *Bristol-Myers*. In that case, a group of several hundred plaintiffs sued the defendant pharmaceutical company in California for bodily injury damages allegedly caused by its defective drug product. Several of the plaintiffs were nonresidents, who were not prescribed and did not purchase the drug in California. In holding

that the California court did not have specific personal jurisdiction over defendant with respect to the claims of these plaintiffs, the Court stated: "In order for a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" 137 S.Ct. at 1780 (emphasis in original) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 754, 187 L.Ed.2d 624 (2014)). "[T]here must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.' . . . When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781 (quoting *Goodyear Dunlap Tires Operations S.A. v. Brown,* 564 U.S. 915, 919, 931 n. 6, 131 S.Ct. 2846 (2011)). The Court did not indicate whether its analysis applies to class actions.

Some federal district courts, particularly but not exclusively in the Northern District of Illinois, have held that *Bristol-Myers* applies to class actions and thereby imposes a jurisdictional limitation on nationwide class actions that was not previously recognized. *See Practice Management Support Services, Inc. v. Cirque du Soleil, Inc.*, 301 F.Supp.3d 840, 861–62 (N.D. Ill. 2018). In *Knotts v. Nissan North America, Inc.*, ___ F.Supp.3d ____, 2018 WL 4922360, at *14 (D.Minn. October 10, 2018), however, the court stated that most district courts have held that *Bristol-Myers* does not apply to class actions. The court noted that prior to *Bristol-Myers,* the consensus "was that due process neither precluded nationwide or multistate class actions nor required the absent-class-member-by-absent-class-member jurisdictional inquiry." *Id.* at *14. The court also noted that in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985), the Supreme Court held "that a forum State may exercise jurisdiction over the claim of an absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant." *Id.*

After analyzing in detail and rejecting the arguments that *Bristol-Myers* applies to class actions, the court, quoting *Haj v. Pfizer, Inc.*, ⸺ F.Supp.3d at ⸺, 2018 WL 3707561, at *2 (N.D.Ill. Aug. 3, 2018), stated that "[h]ad the Supreme Court truly sought to bar certification of nationwide or multistate class actions on due process grounds in all but the one or two States

where the defendant is subject to general jurisdiction, it [is] implausible that it would have done so obliquely, in a mass action, and with the caveat that it was 'leav[ing] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court' as the Fourteenth Amendment does 'on the exercise of specific jurisdiction by a State.'" *Knotts*, 2018 WL 4922360, at \*14-\*16.

The *Knotts* court's analysis is highly persuasive. It appears unlikely that the Court in this case will adopt the minority position that *Bristol-Myers* applies to limit specific personal jurisdiction over class action claims. The Court, therefore, also declines to stay discovery pending a decision on Plaintiff's motion to dismiss based on lack of personal jurisdiction over the non-Nevada class claims. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss the Amended Complaint (ECF No. 27) is **denied**.

DATED this 21st day of November, 2018.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**

7