Paul S. Padda
NV Bar No. 10417
Joshua Y. Ang
NV Bar No. 14026
PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, NV 89103
Tel: 702.366.1888
psp@paulpaddalaw.com
ja@paulpaddalaw.com

Additional co-counsel listed on signature page

ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASSES

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Kathleen Bliss, on behalf of herself, the Proposed Nationwide Rule 23 Class, and the Proposed Nevada Subclass,<br><br>Plaintiff,<br><br>v.<br><br>CoreCivic, Inc.,<br><br>Defendant. | Case No. 2:18-cv-01280-JAD-GWF<br><br>**ADDENDUM TO THE STIPULATION AND PROPOSED ORDER CONTROLLING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Kathleen Bliss ("Plaintiff") and CoreCivic, Inc. ("CoreCivic") (collectively, the "Parties" and singularly, "Party"), through their respective counsel, hereby submit this addendum to Part IX of the Parties' stipulation and agreement governing the discovery of all documents, electronically stored information ("ESI"), and any other materials and information produced by the Parties during discovery in the above-captioned action. (Doc. 46.) This Addendum outlines the process for the collection and production of a subset of relevant ESI, such as emails, that may only be identified by the Producing Party through a system search (referred to herein as "the Search Protocol"). This Addendum is not intended to impact the production of responsive documents or data that the Producing Party otherwise knows exists and is discoverable, and which is instead produced during

the normal course of discovery as required under Rules 26 and 34 of the Federal Rules of Civil Procedure.

**IX.   ADDENDUM TO: IDENTIFICATION AND COLLECTION OF DOCUMENTS**

   A.   **Scope of Documents:** The parties agree that this Search Protocol shall apply to the collection and production of custodian emails and may apply to other electronically stored documents, including, but not limited to, individual user files, and documents contained in network share drives and/or cloud-based storage systems.

   B.   **Identification of Custodians:**

      1.   Within three (3) business days of the Court's resolution of CoreCivic's Emergency Motion for Protective Order (Doc. 47)[1] or thirty (30) days after the service of discovery on the Producing Party (whichever occurs later), the Producing Party will disclose an initial list of proposed custodians for this case. In other words, there will be two disclosures (one from each party), each potentially occurring on a different date given timing of when discovery was or will be served. The custodians shall be identified by title, location, connection to the instant litigation, and the type of information under his/her control.

      2.   Within five (5) business days after the Producing Party's disclosure, the Requesting Party will either agree to the Producing Party's proposed list of custodians or produce a revised list.

      3.   Within five (5) business days after the Requesting Party's disclosure, the Producing Party will either agree to the edits or the Parties shall engage in a meet and confer.

---

[1] CoreCivic filed its Emergency Motion on December 31, 2018, asking the Court, among other things, to resolve the definition of "detainee," which affects the scope of Plaintiff's claims and the discovery to be conducted, including the scope of the ESI collection contemplated herein. (Doc. 47.)

4. If, after three (3) business days of the meet and confer, the Parties have not agreed on a custodian list, the Parties shall bring the matter to the Court pursuant to the Federal and Local Rules of Civil Procedure.[2]

5. Should the Requesting Party subsequently identify additional custodians who are likely to possess potentially relevant information, the Parties will meet and confer about the appropriateness of including these new custodians in this Search Protocol. If the Parties cannot agree on their inclusion, they shall submit the matter to the Court pursuant to the Federal and Local Rules of Civil Procedure.

C. **Identification of Search Terms**:

1. The Producing Party will propose search terms within three (3) business days of the Court's resolution of CoreCivic's Emergency Motion for Protective Order (Doc. 47) or thirty (30) days after the service of discovery on the Producing Party (whichever occurs later). In other words, there will be two proposals (one from each party), each potentially occurring on a different date given timing of when discovery was or will be served. This proposal will be based in good faith on discussions with custodians, and subject-matter experts, and a review of potentially relevant documents. The Producing Party shall also propose a date range for the scope of documents to be searched.

2. The Requesting Party will review the proposal and submit if warranted edits and/or additional search terms within five (5) business days of receiving the Producing Party's proposal and will respond to the proposed date range.

---

[2] The Parties agree to request leave from the Court to engage in a less formal process—such as through the submission of letter briefs or status conferences—for resolving disputes that may potentially result from this Search Protocol as opposed to traditional motion practice as contemplated in paragraphs B.4–5, C.8–9, & F herein.

3

3. The Parties will confer until an agreement on the list of initial search terms and date range is reached, but no later than sixty (60) days following the receipt of the Requesting Party's proposed revised search terms.

4. During these negotiations, the Producing Party shall conduct test searches of the proposed search terms against agreed-upon sample custodians to aid in these discussions. The Parties envision an iterative negotiation process whereby both sides work together to minimize false positives.

5. During these negotiations, the Producing Party may identify a list of domains that it recommends should be excluded from the search as irrelevant (e.g., @espn.com) if, during sample review, it believes there are a significant number of false hits. In reviewing the list, the Requesting Party may request, and the Producing Party will oblige in providing, copies of non-privileged exemplar emails for certain domains to aid in their investigation. The domain exclusion list shall be agreed upon within the timeframe established in Paragraph C(3).

6. If the Producing Party maintains that any of the proposed terms are over-inclusive (i.e., that they are resulting in a large number of hits that are not relevant to the claims and defenses at issue in this matter, as determined by the Producing Party's review), even after the domain exclusion and date ranges are established, it will produce a Hit Count Report or a reasonable equivalent.

7. If the Producing Party maintains that any of the proposed terms are over-inclusive, Producing Party will also provide the Requesting Party with ten (10) examples of false positive email threads (or other documents) for each allegedly overbroad term or, if such emails are privileged, provide enough information for the Requesting Party to reasonably understand the issue. The Producing Party shall select the hits it believes to be irrelevant but is willing to share with the Requesting Party for this process. The Producing Party will endeavor to select emails that reflect the overall quality of the search. These hit documents are not considered productions and cannot be used in the case or otherwise, unless and until they are

subsequently and formally produced as responsive documents.  This will allow the Requesting Party to propose an informed edit to the proposed term(s).

8. If the Parties do not come to an agreement by the deadline set forth above, then the Parties shall submit the issue to the Court for consideration pursuant to the Federal and Local Rules of Civil Procedure.

9. Should the Requesting Party subsequently uncover information that suggests additional search terms are likely to yield responsive documents, the Parties will meet and confer about the appropriateness of including these new search terms in this Search Protocol.  If the Parties cannot agree on their inclusion, they shall submit the matter to the Court pursuant to the Federal and Local Rules of Civil Procedure.

D. The mere fact that a document is hit or captured by the application of any agreed-upon search terms does not mean that such document is necessarily responsive to any propounded discovery request or is otherwise relevant to this litigation. Determinations of discoverability, responsiveness, and privilege shall be made by the Producing Party.

E. **Production of Retrieved Documents:**

1. **De-Duplication**: The Parties agree to the de-duplication process outlined in Part VIII of the Stipulation.

2. **Email Thread Suppression**: The Parties further agree that any emails produced will be unthreaded.

3. **Format**: The Parties agree to produce documents in the formats agreed to in Part III through VI of the Stipulation.

4. **Timing**: The Parties will work expeditiously to collect and produce documents according to this Search Protocol, including with rolling productions to prevent undue delay.  Similarly, the Parties agree that a dispute as to appropriateness of a custodian(s), a search term(s), or any other parameter in this Search Protocol will not impede or delay the collection and production process as to any other set of documents.

F. **Special Circumstances**: The Parties recognize that Plaintiff is a practicing attorney and officer of the court. As a result, ESI, including her email box and those mailboxes of people at her firm, contain privileged information unrelated to this case. Accordingly, as to any searches performed on Plaintiff's ESI under this protocol, Plaintiff[3] will undertake the initial searches and review for privilege at the direction and instruction of Plaintiff's Counsel. Email searches will be performed by Plaintiff in Outlook. To ensure the integrity of the process, Plaintiff's Counsel will monitor the search and collection through a web conference application in such a manner that the content of the emails is shielded from disclosure. Plaintiff's Counsel will also guide Plaintiff through validation and testing via web conference. Plaintiff will be responsible for providing such information that Plaintiff can reasonably locate and provide to Plaintiff's Counsel for the privilege log. When portions of a document are privileged, Plaintiff will provide redacted copies of documents to Plaintiff's Counsel in PDF form. Documents that Plaintiff does not flag as privileged and that are not redacted, will be provided to Plaintiff's Counsel natively for their review. As to any ESI which is converted to PDF form by Plaintiff, Plaintiff will also provide Plaintiff's counsel with meta-data for the original e-mail messages and any attachments, which will be produced with those responsive images in accordance with the Order Controlling Discovery of Electronically Stored Information (Doc. 46). The parties agree that if Plaintiff encounters issues with any portion of this process, Plaintiff's Counsel will inform Defendant and the parties will confer on an acceptable solution.

DATED this 18th day of January, 2019.

---

[3] References to Plaintiff in this paragraph include Plaintiff Kathleen Bliss or personnel at Kathleen Bliss Law.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By */s/Jacob B. Lee*
Daniel P. Struck
Jacob B. Lee
Ashlee B. Hesman
3100 West Ray Road, Suite 300
Chandler, AZ 85226
dstruck@strucklove.com
jlee@strucklove.com
ahesman@strucklove.com

Gina G. Winspear
DENNETT WINSPEAR
3301 North Buffalo Dr., Suite 195
Las Vegas, NV 89129
gwinspear@dennettwinspear.com

*Attorneys for Defendant CoreCivic, Inc.*

NICHOLS KASTER, PLLP

By */s/Anna P. Prakash*
Anna P. Prakash
Matthew H. Morgan
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
aprakash@nka.com
morgan@nka.com

Lance D. Sandage
SANDAGE LAW, LLC
1600 Genessee Street, Suite 655
Kansas City, MO 64102
lance@sandagelaw.com

Paul S. Padda
Joshua Y. Ang
PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, NV 89103
psp@paulpaddalaw.com
ja@paulpaddalaw.com

Joseph K. Eischens
THE LAW OFFICE OF JOSEPH K. EISCHENS

1321 Burlington Street, Suite 202
North Kansas City, MO 64116
joe@jkemediation.com

Michael Hodgson
THE HODGSON LAW FIRM, LLC
3699 SW Pryor Road
Lee's Summit, MO 64082
mike@thehodgsonlawfirm.com

*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 1/22/2019

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ashlee Hesman     ahesman@strucklove.com, tgation@strucklove.com

Daniel Struck     dstruck@strucklove.com, SWOLFORD@STRUCKLOVE.COM

Gina Winspear     gwinspear@dennettwinspear.com, cmiller@dennettwinspear.com, msarnoski@dennettwinspear.com, ptimmons@dennettwinspear.com, tamendola@dennettwinspear.com

Jacob B Lee     JLee@strucklove.com, ARowley@strucklove.com, RLove@strucklove.com

Joseph Kenneth Eischens     joe@jkemediation.com

Joshua Y. Ang     ja@paulpaddalaw.com, maryg@paulpaddalaw.com, mcl@paulpaddalaw.com, psp@paulpaddalaw.com, rlc@paulpaddalaw.com

Lance David Sandage     lance@sandagelaw.com

Matthew Hale Morgan     morgan@nka.com, assistant@nka.com

Michael Hodgson     mike@thehodgsonlawfirm.com

Paul S. Padda     psp@paulpaddalaw.com, amyd@paulpaddalaw.com, arelicep@paulpaddalaw.com, ja@paulpaddalaw.com, maryg@paulpaddalaw.com, mcl@paulpaddalaw.com

Charles A. Delbridge   cdelbridge@nka.com

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

   N/A

*/s/Anna P. Prakash*
Anna P. Prakash