UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHLEEN BLISS, | Case No. 2:18-cv-01280-JAD-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| CORECIVIC, INC., *et al.*, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Stay Discovery (ECF No. 60), filed on January 25, 2019.  Plaintiff filed her Opposition (ECF No. 67) on February 15, 2019. Defendant filed its Reply (ECF No. 85) on March 8, 2019.

## **BACKGROUND**

This matter arises from allegations concerning Defendant CoreCivic's practice of recording telephone calls between attorneys and their clients who are housed in Defendant's facilities throughout the United States, except in California and Leavenworth, Kansas.  Plaintiff alleges that Defendant's practice violates the Federal Wiretap Act, 18 U.S.C. § 2511, and the Nevada Wiretap Act, NRS 200.620, et seq.  *See Amended Complaint* (ECF No. 25).  Defendant CoreCivic's motion for summary judgment argues that Plaintiff's claims are time-barred under the federal and Nevada wiretap statutes.  *See* ECF No. 59.  Defendant requests that the Court stay discovery pending a ruling on its motion for summary judgment.

On July 12, 2018, Plaintiff filed her complaint (ECF No. 1) and on September 28, 2018, Plaintiff filed an amended complaint (ECF No. 25).  Defendant argues that Plaintiff had a reasonable opportunity to discover alleged violations as of June 27, 2016 and, therefore, was required to file her complaint on or before June 27, 2018 within the two year statute of limitations under the Federal Wiretap Act and the Nevada Wiretap Act.  *See Renewed Motion to*

1

*Stay* (ECF No. 60), 7.  Plaintiff argues that each violation under the Federal and Nevada Wiretap Acts carry its own limitations period, that the public record shows that Plaintiff's client in *USA v. Kincade* had made privileged phone calls to Plaintiff after July 12, 2016 that were recorded, and, in the alternative, that the prior events do not amount to a reasonable opportunity to discover violations.  *See Opposition* (ECF No. 67), 5.

**DISCUSSION**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  See *Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995).  Ordinarily, a dispositive motion does not warrant a stay of discovery.  *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).  *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  The moving party carries the heavy burden of making a strong showing of why discovery should be denied.  *Kor Media Group, LLC v. Green*, 294 F .R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery.  See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).  When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action."  *Kor Media Group*, 294 F.R.D.  at 581.  The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief."  *Id.*

The Federal Wiretap and the Nevada Wiretap Acts use the discovery rule for purposes of their two year statute of limitations.  *See* U.S.C. § 2520(e); Nev. Rev. Stat. § 11.190(4)(b). "Each violation of 18 U.S.C. § 2511 gives rise to a discrete cause of action under 18 U.S.C. § 2520 and triggers its own limitations period."  *In re Cases Filed by DIRECTV, Inc.*, 344 F. Supp. 2d 647, 656 (D. Ariz. 2004) (citing 1 *Causes of Action (Second)* 499, § 16 (2003); *see also, e.g., Fultz v. Gilliam,* 942 F.2d 396, 402 (6th Cir.1991).  Further, in determining when an action has accrued

under a discovery-based statute of limitations, "[t]he question of when [the alleged wrongdoing] was or should have been discovered is a question of fact. It may be decided as a matter of law only when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the fraudulent conduct." *Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir. 1992), as amended on denial of reh'g (Apr. 14, 1992) (citing *Mosesian v. Peat, Marwick, Mitchell & Co.,* 727 F.2d 873, 877 (9th Cir.), *cert. denied,* *1308 469 U.S. 932, 105 S.Ct. 329, 83 L.Ed.2d 265 (1984) (internal citations and quotations omitted).

Defendant argues that Plaintiff's amended complaint is vague as to when she first learned that her conversations with her clients were allegedly being recorded. *See Motion to Stay* (ECF No. 60), 4. Defendant represents that upon its review of cases on the public docket that Plaintiff likely first learned that her conversations were being recorded on June 27, 2016, while representing her client in *USA v. Kincade*. *Id.* at 4-5. Plaintiff represents that there were recordings of privileged communications that occurred in such case after July 12, 2016. As such, there appear to be violations within the limitation period and the Court is not convinced that Defendant satisfied its heavy burden of making a strong showing of why discovery should be denied. The Court, therefore, denies Defendant's motion to stay. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Discovery (ECF No. 60) is **denied**.

Dated this 4th day of April, 2019.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

3