# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Kathleen Bliss, | Case No.: 2:18-cv-01280-JAD-GWF |
| Plaintiff | **Order Granting Summary Judgment and Denying Other Pending Motions as Moot** |
| v. | |
| CoreCivic, Inc., | [ECF Nos. 26, 49, 59] |
| Defendant | |

After criminal-defense attorney Kathleen Bliss discovered that defendant CoreCivic, Inc., a private company that owns and operates Nevada Southern Detention Center (NSDC), recorded calls between herself and some of her clients who were inmates at NSDC, she filed this suit against CoreCivic alleging violations of both 18 U.S.C. § 2520 (the Federal Wiretap Act) and Nevada Revised Statutes § 11.190 (the Nevada Wiretap Act). CoreCivic moves to dismiss the amended complaint and for summary judgment, arguing that Bliss's claims are time-barred. Bliss opposes both motions and moves to file supplemental authority in response to CoreCivic's motion to dismiss.

Because the issues that CoreCivic presents in its summary-judgment motion are dispositive, I analyze only that motion. CoreCivic has demonstrated that Bliss's claims are time-barred under the two-year statute of limitations for claims brought under the federal and state wire-tapping statutes, so I grant CoreCivic's motion for summary judgment and deny all other pending motions as moot.

**Background**

The parties do not dispute the material facts in CoreCivic's summary-judgment motion. In October 2016, Bliss, as attorney for criminal defendant Robert Kincade, filed a motion to

dismiss the government's case against Kincade for prosecutorial delay and misconduct.[1] In that motion, she argued that the case should be dismissed because she received discovery from the government on June 27, 2016, that included recorded privileged calls between Kincade and herself.[2]

Bliss alleges in her amended complaint that CoreCivic has recorded and continues to record inmate phone calls out of the NSDC facility, including privileged phone calls between inmates and their attorneys.[3] She sues on her own behalf and on behalf of a proposed nationwide class of criminal-defense attorneys who have had their calls with clients recorded by CoreCivic.[4]

Bliss filed her original complaint in this case on July 12, 2018, alleging that CoreCivic's practice of recording inmate phone calls violates both the Federal and Nevada Wiretap Acts.[5] After CoreCivic moved to dismiss, Bliss amended her complaint[6] and CoreCivic filed a new motion to dismiss.[7] While that motion to dismiss was pending, CoreCivic also filed a motion for summary judgment, arguing that Bliss's complaint is time-barred.[8]

## Analysis

**A.  Bliss's claims are time-barred.**

The Federal Wiretap Act, 18 U.S.C. § 2520(a), affords a civil cause of action for any person whose wire, oral, or electronic communications is intercepted, disclosed, or intentionally

---

[1] ECF No. 59-1 at 14.
[2] *Id.* at 16–17.
[3] ECF No. 25 at 5.
[4] *Id.* at 7–10.
[5] ECF No. 1.
[6] ECF No. 25.
[7] ECF No. 26.
[8] ECF No. 59.

2

used in violation of 18 U.S.C. §§ 2510–2519. "[A] civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." [9] Claims under the Nevada Wiretap Act are also subject to a two-year statute of limitations.[10] The limitations period for these claims begins to run when "the plaintiff has a reasonable opportunity to discover 'the violation' that is the subject matter of the lawsuit."[11] "In other words, the statute bars a suit if the plaintiff had such notice as would lead a reasonable person either to sue or to launch an investigation that would likely uncover the requisite facts."[12]

CoreCivic argues that Bliss's claims under both the federal and state wiretapping acts are time-barred because Bliss had a reasonable opportunity to discover CoreCivic's actions more than two years before she filed her complaint. Bliss responds that while she knew about some recordings that occurred outside the statutory period, the statute of limitations has not run for other recorded calls within the statutory period.

Without caselaw on point from the Ninth Circuit, CoreCivic relies on *Sparshott v. Feld Entertainment, Inc.*, a case from the D.C. Circuit. In *Sparshott*, the plaintiff sued under § 2520 when she discovered that her ex-boyfriend had been surveilling her in various ways over the course of their four-year relationship.[13] Sparshott discovered her boyfriend's wiretapping and

---

[9] 18 U.S.C. § 2520(e); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 n.1 (9th Cir. 1995).

[10] Nev. Rev. Stat. § 11.190(4)(b).

[11] 329 F. Supp. 2d 949, 952 (E.D. Mich. 2004).

[12] *Sparshott v. Feld Entertainment, Inc.*, 311 F.3d 425, 429 (D.C. Cir. 2002). *See also Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998) ("Like many statutes of limitation, this one does not require the claimant to have actual knowledge of the violation; it demands only that the claimant have had a reasonable opportunity to discover it.").

[13] *Sparshott*, 311 F.3d at 427–28.

"other similar intelligence gathering" early in her relationship and received multiple credible warnings about her boyfriend's surveillance.[14] She also found multiple recording devices under her bed and attached to her home office phone, noticed people following her, and discovered five video cameras hidden in her house.[15] Sparshott argued, however, that her claim didn't accrue until her boyfriend used her recorded conversations to accuse her of infidelity nearly four years after she discovered the first evidence of wiretapping.[16]

But the court held that Sparshott's claim was time-barred because it accrued when she initially discovered the wiretapping and other intelligence-gathering devices. The court reasoned that "[k]nowledge of one set of incidents, even if somewhat different in nature or purpose from later ones . . . , can provide a 'reasonable opportunity to discover' later violations; the question is what a reasonable investigation of the known episodes would yield."[17] Because Sparshott had evidence of some wiretapping, and "a reasonable inquiry would have uncovered the whole scheme" more than two years before she filed suit, the court concluded that she had a "reasonable opportunity to discover all the violations," so her federal wiretap claims were "barred by the statute of limitations."[18]

Like Sparshott's, Bliss's allegations arise out of a pattern of conduct. She asserts that CoreCivic recorded many privileged phone calls, all in the same manner and from the same location. Bliss was aware of CoreCivic's actions no later than June 27, 2016,[19] when she

---

[14] *Id.* at 429.
[15] *Id.*
[16] *Id.*
[17] *Id.* at 430.
[18] *Id.* at 430–31.
[19] CoreCivic argues that Bliss was on notice of potentially wiretapping based on her filings in another matter in 2013, but it does not show that Bliss did more than request recordings in that

4

received discovery in the Kincade matter including "a compact disk containing hundreds, if not thousands, of recordings of telephone calls made by Kincade from the [NSDC]," including "recordings of Kincade's telephone calls to" herself.[20] She filed her original complaint in this case on July 12, 2018, about two weeks after the two-year statutory period expired.[21] Although CoreCivic may have recorded additional calls after June 27, 2016, it is on that date that Bliss had a full and reasonable opportunity to discover CoreCivic's pattern of behavior. Just as in *Sparshott*, Bliss had evidence of multiple recorded phone calls, and a reasonable investigation would have led her to discover the entire alleged wiretapping scheme. And because the other alleged recordings arise from the same conduct, claims based on them are similarly time-barred. If Bliss had launched an investigation or filed a lawsuit when she was first put on notice of the recorded calls, she could have uncovered the whole alleged scheme and curtailed further incidents. Bliss argues that, while she received the discovery containing the recorded phone calls in June 2016, she was not able to listen to the calls at issue until September. If the Federal Wiretap Act's limitations period were triggered by discovery or actual awareness, this delay might matter. But, as the *Sparshott* court held, "there is no need that someone actually 'discover' or be aware of the violation. Rather, the question is whether the person had a *reasonable opportunity* to discover the wiretapping."[22] And here, that opportunity arose with the production of records, not three months later when Bliss got around to analyzing them.[23] I

---

case. Because it is unclear whether Bliss received recordings at that time, I consider only the arguments related to the Kincade matter.

[20] ECF No. 59-1 at 16.

[21] ECF No. 1.

[22] *Sparshott*, 311 F.3d at 429 (emphasis in original).

[23] *See In re Cases Filed by DIRECTV, Inc.*, 344 F. Supp. 2d 647, 655 (D. Ariz. 2004).

5

therefore find that Bliss's claims were time-barred when this action was filed, so I grant CoreCivic's motion for summary judgment.

### C. Bliss's request for relief under 56(d) is denied because further discovery would be futile.

Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence."[24] To prevail on a Rule 56(d) request, the movant must show "(1) that [she has] set forth in affidavit form the specific facts that [she hopes] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential to resist the summary judgment motion."[25]

Bliss requests relief under Rule 56(d) "to determine the extent of phone calls from her clients to her that were recorded within two years prior to her filing this action."[26] But discovery of these facts would not save her claim. Bliss had a reasonable opportunity to discover these alleged violations no later than June 2016. Further discovery about whether more recent calls were also recorded would not cure the statute-of-limitations problem that bars Bliss's action. I therefore deny Bliss's Rule 56(d) request.

**Conclusion**

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that CoreCivic's motion for summary judgment **[ECF No. 59] is GRANTED**.

---

[24] *United States v. Kitsap Physicians Servs.*, 314 F.3d 995, 1000 (9th Cir. 2002).

[25] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

[26] ECF No. 66 at 13.

6

IT IS FURTHER ORDERED that CoreCivic's motion to dismiss **[ECF No. 26]** and Bliss's motion for leave to file supplemental authority **[ECF No. 49] are DENIED as moot.** The Clerk of Court is directed to ENTER JUDGMENT in favor of CoreCivic and against Bliss and to CLOSE THIS CASE.

Dated: May 13, 2019

_____
U.S. District Judge Jennifer A. Dorsey