**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kathleen Bliss, | Case No.: 2:18-cv-01280-JAD-GWF |
| Plaintiff | |
| v. | **Order Denying Motion for Attorneys' Fees, Costs, and Expenses** |
| CoreCivic, Inc., | [ECF No. 95] |
| Defendant | |

After I granted summary judgment in its favor because the statute of limitations had expired 15 days before the filing of this suit, defendant CoreCivic, Inc. moves for an award of $225,000 in attorneys' fees and $16,000 in expenses under 28 U.S.C. § 1927 and Nevada Revised Statutes (NRS) §§ 7.085 and 18.010(2)(b).  In this action, plaintiff Kathleen Bliss, a criminal defense attorney, alleged that defendant CoreCivic recorded her phone calls with her clients in violation of federal and state wiretap statutes.  CoreCivic argues that Bliss knew that her claims were time-barred when she filed her complaint and then later engaged in a series of tactics designed to obfuscate the expiration of the statute of limitations and increase the cost of CoreCivic's defense.  I deny CoreCivic's motion because the application of the statute of limitations in this case was an open question of law in the Ninth Circuit and CoreCivic has not shown that Bliss conducted the litigation in bad faith.

**Discussion**

**I.    Applicable federal and state law**

CoreCivic's motion relies on both federal and state statutes authorizing recovery of attorneys' fees.  Section 1927 "authorizes sanctions only for the multiplication of proceedings

[and] it applies only to unnecessary filings and tactics once a lawsuit has begun." [1]  In contrast, the Nevada statutes nominally apply to the filing of litigation and conduct during it.  NRS 18.010(2)(b) authorizes an award of attorneys' fees to a prevailing party "when the court finds that the claim . . . of the opposing party was *brought or maintained* without reasonable ground or to harass the prevailing party."[2]  And NRS 7.085 authorizes an award of attorneys' fees against an attorney if the attorney has filed an action that is not warranted by the facts and existing law *or* the attorney "unreasonably and vexatiously extended a civil action . . . ."

Because I exercised supplemental jurisdiction over Bliss's state-law claim, however, the *Erie* doctrine applies.[3]  Under this framework, "attorneys' fees may be awarded by a district court when they are part of the state's substantive, rather than procedural, requirements."[4]  When the imposition of sanctions depends "on how the parties conduct themselves during the litigation[,]" the matter is procedural and federal law applies.[5]  The Ninth Circuit has held in an unpublished decision that NRS 18.010(2)(b) and 7.085 do not apply in federal court when the plaintiff's alleged misconduct is procedural in nature.[6]  State law thus governs whether Bliss had a reasonable basis for her suit and federal law governs Bliss's conduct during litigation.  I address each category in turn.

---

[1] *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir.1996) (citations omitted).

[2] Nev. Rev. Stat. § 18.010(2)(b) (emphasis added).

[3] *See Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

[4] *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001).

[5] *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 53 (1991)).

[6] *Oliva v. Nat'l City Mortg. Co.*, 490 F. App'x 904, 906 (9th Cir. 2012).

## II.    Bliss's basis for suit under NRS 18.010(2)(b) and 7.085

NRS 18.010(2)(b) and 7.085 authorize an award of attorneys' fees if the plaintiff's claim "was brought . . . without reasonable ground or to harass the prevailing party" or "is not well-grounded in fact or is not warranted by existing law or by an argument for changing the existing law that is made in good faith[,]" respectively.  "Determining whether attorney fees should be awarded under NRS 18.010(2)(b) requires the court to inquire into the actual circumstances of the case, rather than a hypothetical set of facts favoring plaintiff's averments."[7]  And "there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party."[8]

Bliss's declarations establish that she reasonably believed that CoreCivic was liable for the misconduct alleged.[9]  As for the dispositive statute-of-limitations issue, I acknowledged in my summary-judgment order that there was no Ninth Circuit case law on point.[10]  Due to the absence of controlling law, Bliss's argument that each violation of the federal and state wiretap statutes triggers the statute of limitations was not unreasonable.[11]  CoreCivic argues in reply that I should hold Bliss to her initial complaint,[12] which omitted the separate incidents necessary to her statute-of-limitations argument.[13]  But Bliss later amended her complaint to emphasize the

---

[7] *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 106–07 (Nev. 2008) (quotation omitted).

[8] *Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 687 (Nev. 1995) (quotation omitted).

[9] ECF Nos. 100-1 at ¶ 4; 100-2 at ¶ 8; 100-4 at ¶ 4; 100-11 at ¶ 5; 100-12 at ¶ 3; 100-13 at ¶ 2.

[10] ECF No. 93 at 3.

[11] ECF No. 66 at 9–13; *see also* ECF No. 89 at 3 (Magistrate Judge Foley's order denying motion to stay because Bliss alleged violations within statute-of-limitations period).

[12] ECF No. 104 at 2–4.

[13] ECF No. 1.

3

separate incidents that she claimed triggered the statute of limitations,[14] and holding a plaintiff to her initial pleading when assessing attorneys' fees would undermine the liberal federal and state policies regarding amendment.[15]  Additionally, Bliss anticipated the litigation would focus on another contested issue.[16]  Ultimately, there is no evidence in the record that Bliss brought the complaint without reasonable grounds or to harass CoreCivic.  So I deny CoreCivic's motion for attorneys' fees under state law.

**III.     Bliss's conduct during litigation under 28 U.S.C. § 1927**

Section 1927 provides that "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay attorney's fees and other costs reasonably incurred as a result.  Sanctions under this statute "must be supported by a finding of subjective bad faith."[17]  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent."[18]

As discussed above, Bliss's statute-of-limitations argument was not a frivolous one.  CoreCivic argues that Bliss also engaged in assorted conduct "purposefully designed to prevent CoreCivic from finding out that her claims were plainly time barred and meritless."[19]  Fundamentally, CoreCivic is displeased that it was unable to file a motion to dismiss based on its

---

[14] ECF No. 25 at ¶ 17.

[15] *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Nev. R. Civ. P. 15(a)(2) (same).

[16] *See* ECF No. 100-11 at ¶ 7.

[17] *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir.1989).

[18] *Estate of Blas Through Chargulaf v. Winkler*, 792 F.2d 858, 860 (9th Cir.1989) (citations omitted).

[19] ECF No. 95 at 6.

4

statute-of-limitations defense at the outset of the case.[20] I am persuaded by Bliss's alternative explanations for all of this conduct,[21] showing that she did not act in bad faith. Bliss's repeated attempts at cooperation are also inconsistent with CoreCivic's narrative of repeated bad faith.[22] So I deny CoreCivic's motion under § 1927.

**Conclusion**

IT IS THEREFORE ORDERED that CoreCivic's motion for attorneys' fees, costs, and expenses **[ECF No. 95] is DENIED**.

Dated: May 27, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[20] *See, e.g.*, ECF No. 103 at 2–3 ("CoreCivic would have immediately filed a dispositive motion on the statute of limitations issue.").

[21] ECF No. 100 at 7–8 (Bliss had ethical concerns about divulging her clients' identifies); 9–10 (Bliss's initial disclosures addressed her anticipated focus of litigation); 15 (opposition to motion to stay was reasonable); 15–16 (CoreCivic did not exhaust meet-and-confer process before filing motion for a protective order); 16–17 (parties never had opportunity to meet and confer over discovery responses before end of litigation).

[22] *See id.* at 14.