UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHLEEN BLISS, on behalf of herself, the Proposed Nationwide Rule 23 Class, and the Proposed Nevada Subclass,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC.,<br><br>Defendant. | Case No. 2:18-cv-01280-JAD-EJY<br><br>**ORDER** |

Before the Court is the parties' Second Stipulated Discovery Plan and Scheduling Order that contains agreements and disagreements regarding how discovery should proceed in this case. ECF No. 116.

To the extent Defendant seeks to delay or stay discovery through its representations in the Stipulation, this request is denied. No motion to stay discovery is before the Court. Further, the pending Motion for Leave to File a Second Amended Complaint is not a basis, in and of itself, to stay discovery. No dispositive motion is pending and, based on the lengthy history of this case, including an appeal to the U.S. Court of Appeals for the Ninth Circuit, the Court finds it highly unlikely that any motion to dismiss would be dispositive of all claims. Based on the information available at this time to the Court, a stay of discovery is not appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997). The above said, this Order does not preclude Defendant from filing a motion to stay discovery the outcome of which would depend on the motion, opposition, and reply.

The Court agrees with Defendant's position that the Court need not be involved in Defendant's decision whether to use computer or technology assisted review processes of electronically stored information ("ESI"). Such technology assistance is ordinary, and unless there

is a basis to believe that the mechanism used is either purposefully or inherently failing to identify proportional, relevant, and responsive ESI, the Court need not be involved.

IT IS HEREBY ORDERED that the Second Stipulated Discovery Plan and Scheduling Order (ECF No. 116) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Court adopts the following scheduling plan:

- The deadlines for searching Plaintiff's ESI and Defendant's ESI appearing on page 4, line 3 through page 5, line 8;

- The agreement to seek a conference with the assigned Magistrate Judge before filing a discovery motion;

- The deadline for Defendant to file an answer to First Amended Complaint: March 8, 2021;

- The deadline for Defendant to file an answer to Plaintiff's second amended complaint, *if* leave to file a second amended complaint is granted: 14 days after the order granting leave to file a second amended complaint;

- The deadline to move to amend pleadings set for 30 days after a decision on a motion to dismiss Plaintiff's Motion for Leave to File a Second Amended Complaint;

- The deadline for Plaintiff's disclosure of class certification expert and report: December 1, 2021;

- The deadline for Defendant's disclosure of class certification rebuttal expert and report: January 14, 2022;

- The class certification expert discovery deadline: February 15, 2022;

- The last day to complete fact discovery: 60 days after the Court's order on class certification;

- The last day to disclose experts other than class certification experts: 120 days after the Court's order on class certification;

- The last day to disclose rebuttal experts, other than rebuttal experts on class certification: 150 days after the Court's order on class certification;

- The last day to complete non-class certification expert discovery: 180 days after the Court's order on class certification;

- The dispositive motion deadline: 210 days after the Court's order on class certification; and

- The joint pretrial order deadline: 240 days after the Court's order on class certification; provided, however, that if dispositive motions are pending, this date is suspended until 60 days after the Court's order on such dispositive motions.

Dated this 9th day of February, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE