UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KATHLEEN BLISS, on behalf of herself, the Proposed Nationwide Rule 23 Class, and the Proposed Nevada Subclass,

        Plaintiff,

    v.

CORECIVIC, INC.,

        Defendant.

Case No. 2:18-cv-01280-JAD-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 117). The Court has considered Plaintiff's Motion, Defendant's Response (ECF No. 122), and Plaintiff's Reply (ECF No. 123).

I.    **Relevant Background**

This case commenced on July 12, 2018 with the filing of Plaintiff's Class Action Complaint. ECF No. 1. On September 14, 2018, Defendant moved to dismiss Plaintiff's Complaint. ECF No. 24. This prompted Plaintiff to file a First Amended Class Action Complaint (ECF No. 25). The definition of the class in the Complaint and First Amended Complaint were identical.[1]

On October 12, 2018, Defendant moved to dismiss Plaintiff's First Amended Complaint (ECF No. 26), and one week later filed a Motion to Stay Discovery (ECF No. 27). The Motion to Stay Discovery was denied on November 21, 2018 (ECF No. 40). The first proposed discovery plan and scheduling order was then filed by the parties on December 4, 2018 (ECF No. 41) and granted on December 13, 2018 (ECF No. 42). A stipulation regarding a protective order and a discovery plan regarding electronic discovery was then filed on December 19, 2020 and granted one day later on December 20, 2018 (ECF Nos. 43-46).

---

[1]    *Compare* ECF No. 1 ¶ 30 *and* ECF No. 25 ¶ 52 defining the proposed class as: "All attorneys who have or will represent clients/detainees who are detained at any CoreCivic facility—excluding CoreCivic locations in California and the CoreCivic facility in Leavenworth, Kansas—from July 12, 2016, to the present, plus periods of tolling, whose communications have been intercepted, disclosed or used by Defendant and/or its affiliates."

Plaintiff served her First set of Interrogatories and Document Requests on October 15, 2018, and her notice of a Rule 30(b)(6) Deposition on November 26, 2018. ECF No. 47-2, 47-4, and 47-5. On December 31, 2018, Defendant filed its Motion for Protective Order in which Defendant identified the primary dispute as whether the class definition included, as Plaintiff contended, detainees and inmates housed in Defendant's facilities or, as Defendant contended, the class definition was limited to U.S. Marshal Service detainees. ECF No. 47 at 2.

On February 20, 2019, the Court entered an Order granting Defendant's Motion for Protective Order. ECF No. 75. In that Order, the Court found the word "detainees" has a specific meaning that does not include all incarcerated convicted clients serving sentences in Defendant's facilities, and limited "the scope of the Rule 30(b)(6) deposition to the recording of telephone calls between attorneys and pretrial detainees housed in CoreCivic facilities." *Id*. at 7. However, the Court noted that "[t]he scope of the deposition" could be expanded if the Complaint was "amended to include convicted individuals housed in CoreCivic prisons." *Id*.

Plaintiff contends that following the Court's Order granting Defendant's Motion for Protective Order she informed Defendant that she intended to file an amended complaint to "include calls from all people confined at CoreCivic facilities," but also explained she wanted to wait to do so until after Defendant's pending Motion to Dismiss was decided. ECF No. 117 at 5 *citing* ECF No. 117-1, Delbridge Decl., ¶ 4. This led the parties to submit a stipulation agreeing to extend the deadline to amend pleadings to "60 days following an order on Defendant's pending motion to dismiss." ECF No. 86 at 1, filed on March 20, 2019.

Thereafter, Defendant's Motion to Dismiss was denied as moot when the Court issued an Order granting Defendant's Motion for Summary Judgment. ECF No. 93 (filed on May 13, 2019). This Order effectively mooted the issue of Plaintiff's intent to file a motion to amend her operative Complaint.

Plaintiff timely appealed the Court's Order (ECF No. 97), and the Ninth Circuit issued its decision on October 27, 2020. *Bliss v. CoreCivic, Inc.*, 978 F.3d 1144 (9th Cir. 2020). In its Order, the Ninth Circuit reversed, in part, the district court's Summary Judgment order holding that "[e]ach interception of Bliss's privileged telephone calls is a separate violation of" the Omnibus Crime

Control and Safe Streets Act of 1968, as amended, 18 U.S.C. §§ 2510-2523, and Nevada's wiretap act, NRS 200.610-200.690,[2] that "the statute of limitations is triggered anew for each call that CoreCivic recorded, and that CoreCivic … [was] entitled to summary judgment only as to calls that Bliss had reasonable opportunity to discover were recorded more than two years before she filed suit." *Id*. at 1150.

The Mandate was filed on December 14, 2020, and on December 17, 2020, Plaintiff filed a Motion for Pretrial Status Conference. ECF Nos. 110 and 112, respectively. The Status Conference was held on January 8, 2021 (ECF No. 115), and one month later, Plaintiff filed the presently pending Motion for Leave to File Second Amended Complaint. ECF No. 117.

## II.     The Parties Arguments

Plaintiff's instant Motion seeks to revise the First Amended Complaint to include in the class definition "attorneys who have spoken with any incarcerated individual regardless of detainee or other confinement status." *Id*. at 6. Specifically, the class definition would be changed from:

> All attorneys who have or will represent clients/detainees who are detained at any CoreCivic facility—excluding CoreCivic locations in California and the CoreCivic facility in Leavenworth, Kansas—from July 12, 2016, to the present, plus periods of tolling, whose communications have been intercepted, disclosed or used by Defendant and/or its affiliates.

to:

> All attorneys who have or will represent clients confined at any CoreCivic facility—excluding CoreCivic locations in California and the CoreCivic facility in Leavenworth, Kansas—from July 12, 2016, to the present, plus periods of tolling, whose communications have been intercepted, disclosed or used by Defendant and/or its affiliates.

*Compare* ECF No. 25 ¶ 52 *and* ECF No. 117-2 ¶ 50. Plaintiff argues that this change, and the concomitant changes to wording in the proposed Second Amended Complaint, are made "so that the proposed class includes all the proposed class members she intended to include when first filing this lawsuit." ECF No. 117 at 1, 5. Plaintiff states that under the liberal standard applicable to amendment under Fed. R. Civ. P. 15(a), her motion seeking leave to amend should be granted because she has acted in good faith and in a timely manner. *Id*. at 7-8.

_____

[2]     The Ninth Circuit found that its interpretation and, therefore, its decision applied equally to the state and federal wiretap acts at issue. *Id*. at 1150 n.3.

Plaintiff further argues that granting her motion will cause no prejudice to Defendant as she is not seeking to add claims or advance new theories of liability; discovery does not need to be "reopened" because discovery was not completed before summary judgment was granted; and, the amendment is not futile because "the distinction between 'detainees' and 'inmates' is irrelevant to the legal claims in the case." *Id*. at 9-10. It is the interception of attorney calls with clients that is "what matters, not the status of the client as a pre-trial detainee." *Id*. at 10.

In Response, Defendant admits that sometime soon after November 26, 2018 (the date Plaintiff served her Rule 30(b)(6) deposition notice), Defendant learned that, as pleaded, Plaintiff intended and believed her class included not just criminal defense attorneys who represented United States Marshal Service pretrial detainees, but "all pretrial detainees and *inmates*, regardless of the agency who incarcerated them." ECF No. 122 at 3 (emphasis in original). Defendant also does not dispute that after the Court granted Defendant's Motion for Protective Order, the parties agreed to extend the deadline to file amended pleadings to 60 days after the Court ruled on Defendant's pending Motion to Dismiss. *Id*. at 4-5. Defendant argues, however, that allowing Plaintiff to file her proposed Second Amended Complaint "is highly prejudicial … because it exponentially expands her claims beyond recognition." *Id*. at 6. Defendant states that through the proposed Second Amended Complaint Plaintiff's lawsuit is "transform[ed] … into a lawsuit on behalf of all attorneys, in any civil or criminal matter, whose client is 'confined' at any CoreCivic facility[] regardless of" their status or by which government entity the person is detained. *Id*. Defendant complains the number of facilities at issue is expanded from the 14, that house only detainees, to 38, which includes 24 facilities that exclusively house both post-conviction and civil detainees. *Id*. Defendant further argues that the "expansion of a putative class by more than 100%" will significantly increase its discovery obligations. *Id*. at 7.

In addition to the above, Defendant spends a good deal of its Response arguing a merit issue. Specifically, Defendant contends that it does not select the vendor, sign the contract or manage the telephone system at 24 of its facilities. *Id.* at 6, 8-10. Defendant concludes, and by way of argument asks the Court to conclude, that "the overwhelming majority of facilities that Plaintiff's proposed … [Second Amended Complaint] would add are facilities where CoreCivic is not responsible for the

Inmate Telephone System" rendering CoreCivic an improper defendant with respect to each of these facilities. *Id*. at 10. Defendant also argues that Plaintiff unduly delayed her Motion to Amend; that Plaintiff's conduct was dilatory; and, the conduct should not be taken in good faith. *Id*. at 11. Defendant then recites a series of opportunities when Plaintiff should have filed an amended complaint, states discovery is "beyond the early stages," discovery was open for 266 days (measured from August 20 to May 5, 2019), and that Plaintiff could have included all those incarcerated (all "inmates") in her original Complaint or First Amended Complaint. *Id*. at 11-12. Defendant concludes by stating that Plaintiff has waived or should be estopped from seeking her amendment citing two cases outside the Ninth Circuit. *Id*. at 11-12.

Finally, Defendant argues that Plaintiff's Motion and proposed Second Amended Complaint falls under Fed. R. Civ. P. 15(c)'s relation back standard because Plaintiff's proposed amended complaints adds "two dozen facilities where CoreCivic is not responsible for the" Inmate Telephone System, as well as "numerous plaintiffs." *Id*. at 13. Defendant says Plaintiff "fails to show" that her claims relate back "because these new claims *do not* arise out of the same telephone system, let alone the same conduct, transaction, or occurrence as Plaintiff's original claims." *Id*. at 14 (emphasis in original). Defendant states Plaintiff's proposed SAC fails because she cannot comply with the 90-day notice requirement of Rule 15(c)(1)(C) for adding new parties, who Plaintiff cannot show had actual notice of Plaintiff's original Complaint. *Id*. at 14. And, Defendant curiously argues that Plaintiff cannot argue "mistaken identity" with respect to the proper defendant. *Id*. at 14-15.

On Reply, Plaintiff cites cases in favor of her argument that prejudice under Rule 15(a) requires a demonstration by Defendant that it will "suffer some procedural disadvantage as a result of the amendment," and that an increase in discovery and costs based on an expanded class is insufficient to meet the prejudice showing required by this Rule. ECF No. 123 at 3. Plaintiff argues that the discovery done to date is not wasted as Defendant would have had to provide the information disclosed to date whether the definition of the class was attorneys for detainees or attorneys for all those incarcerated and, in any event, the discovery period remains open for another year giving Defendant sufficient time to gather all that it needs in order to defend against the expanded class.

*Id*. at 4. Plaintiff points out that Defendant has known of Plaintiff's "intended scope" of the class since November 2018 and therefore cannot claim surprise. *Id*.

With respect to delay, Plaintiff notes that Defendant has not filed an answer to any complaint, and there has been no undue delay because Defendant has suffered no prejudice as a result of the orders issued by the district and appellate courts. *Id*. at 5-6. Plaintiff argues Defendant's futility argument fails because it depends on the Court deciding merit issues based upon a motion to amend, which is improper, and further because Defendant ignores that it may "be held liable for acts of its agents." *Id*. at 8.

Finally, Plaintiff contends Defendant's relation back argument fails because Rule 15(c)(1)(C) does not apply in this case. The party against whom the claim was brought has not changed and, therefore, the requirements of Rule 15(c)(1)(C) are inapplicable. Plaintiff argues that the conduct alleged by the expanded class is identical to the conduct alleged by the originally defined class, and reiterates that Defendant had notice that Plaintiff always intended her class to include attorneys representing those incarcerated by Defendant irrespective of status (pre or post-conviction) or the agency responsible for incarceration. *Id*. at 9-10.

## III.    Discussion

Plaintiff brings this Motion under Federal Rule of Civil Procedure 15(a). In relevant part, Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course . . . 21 days after serving it." If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing party's written consent or the Court's leave to file the amended pleading. Fed. R. Civ. P. 15(a)(2). A motion for leave to amend brought pursuant to Rule 15(a)(2) should be granted freely "when justice so requires." When a party seeks court permission to file an amended pleading, the decision whether to grant leave "lies within the sound discretion of" the court. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185–86 (9th Cir. 1987) (internal citation omitted). The amendment standard is "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

There are five factors courts consider when deciding whether to grant leave to file an amended complaint. These include "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc.*, Case No. 2:18-cv-01118-JAD-VCF, 2019 WL 1767884, at *2 (D. Nev. Apr. 22, 2019) (internal citation omitted). The party opposing the amendment bears the burden of showing why leave should be denied. *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

A.    Defendant's Futility Argument.

The Court first considers Defendant's futility argument because, if Plaintiff's proposed Second Amended Complaint is futile, there is no need for the Court to consider any other factor. However, the Court finds Defendant's argument fails. The futility elements is met and leave to amend may be denied if the proposed "amended complaint would be subject to dismissal" or inevitably defeated on summary judgment. *Ritzer v. Gerovicap Pharmaceuticals Corp.*, 162 F.R.D. 642, 645 (D. Nev. 1995) *citing United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America*, 919 F.2d 1398, 1402-03 (9th Cir. 1990) and *Johnson v. American Airlines*, 834 F.2d 721, 724 (9th Cir. 1987). Further, "[d]eferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Neche, LLC v. Allied Insurance Company of America*, Case No. 2:19-cv-01016-APG-VCF, 2020WL 870224, at *1 (D. Nev. Feb. 21, 2020) (internal citations omitted).

Here, Defendant's futility argument is merits based arguing that if Plaintiff's Motion to Amend is granted to expand the class to cover all 38 CoreCivic facilities, Defendant has named the wrong defendant for 24 of those facilities. ECF No. 122 at 8. After listing the facilities and citing law stating when an amendment is futile dismissal is proper, Defendant concludes that because the amendment would add facilities "where CoreCivic is not responsible for the Inmate Telephone System, CoreCivic is an improper defendant for those claims." *Id*. at 10.

As stated above, Defendant's futility conclusion necessarily asks the Court to reach the merits of the case and determine, with virtually no evidence and certainly in the absence of discovery, that CoreCivic cannot be held liable, under any theory of law or set of facts that may be discovered, for Inmate Telephone Systems operated at its facilities by an entity other than CoreCivic. The Court declines to reach this conclusion under the circumstances presented, defers this decision to later motion practice, and therefore finds Defendant's futility argument fails to establish a basis to deny Plaintiff's Motion for Leave to File a Second Amended Complaint.

B.    Defendant's Prejudice Argument.

Defendant's contention that Plaintiff's proposed amended class "exponentially expands her claims beyond recognition" does nothing to advance its prejudice argument. While a significant "alteration of the litigation's nature and its effect of requiring an entirely new course of defense" may weigh against an amendment, such alteration is not at issue here and, in any event, "is not fatal" to a motion to amend. *Magallon v. Mineral County*, Case No. 3:19-cv-00704-MMD-CLB, 2020 WL 1539356, at *1 (D. Nev. Mar. 4, 2020) (internal citation omitted).

Moreover, this case is distinguishable from *Mansfield v. Midland Funding, LLC*, on which Defendant relies. The defendant in *Mansfield* filed a motion to deny class certification because the named plaintiff lacked standing. Case No. 09-cv-358-L(WVG), 2011 WL 1212939, at *3 (S.D. Cal. Mar. 30, 2011). That motion was granted. *Id*. The plaintiff simultaneously filed a motion to amend his complaint, which did not merely expand the class definition, but added a completely new claim. *Id*. at 4. The court denied the motion to amend because (1) the plaintiff was aware of the problem with his complaint (his lack of standing) based on an earlier state court decision, (2) the plaintiff greatly expanded his claims to include a new theory of liability prejudicing the defendant by requiring it to defend "this new claim particularly in the context of a national-wide class action," (3) "the complaint would be futile" because plaintiff did not point the court to "any case law that

support[ed] … [its] new cause of action under the FDCPA," and (4) the plaintiff failed to plead Fed. R. Civ. P. 23 necessary elements of a class claim. *Id*. at *5.[3]

The proposed amendment in the case at bar is not one in which the plaintiff lacks standing. Defendant does not argue Plaintiff failed to plead necessary Rule 23 elements because Plaintiff did so plead, and Plaintiff does not add a wholly new theory of liability. Plaintiff's theory of liability is the same as it always has been—CoreCivic impermissibly intercepted calls between attorneys and the individuals housed at CoreCivic facilities in violation of federal law and, for those class members in the State of Nevada, Nevada law. *Compare* ECF No. 25 ¶ 52 *and* ECF No. 117-2 ¶¶ 50, 52. While the proposed class is expanded based on the inclusion of all individuals housed at CoreCivic, as opposed to detainees only, Plaintiff's theory of liability is unchanged. Finally, while Plaintiff admits that the legal ruling leading to the basis for the amendment she now seeks was known before the Court granted Summary Judgment and the case went to the Ninth Circuit on appeal, she correctly points out that Defendant was also aware of Plaintiff's desire to amend her pleading when the parties agreed to extend the deadline for amendment until 60 days after the Motion to Dismiss was decided. ECF No. 86. It is undisputed that the Motion to Dismiss was rendered moot when the Court granted Summary Judgment in favor of Defendant. ECF No. 93.

Defendant is also not prejudiced by burdensome discovery. First, while there was a significant period of discovery before the Court granted Defendant's Motion for Summary Judgment, the discovery was not complete when the Court issued its order based on an interpretation of law that rendered Plaintiff's claim time barred. The parties were still engaged in selecting search

---

[3] The Court also finds the facts in *Gold v. Lumber Liquidators Inc.*, Case No. 14-cv-05373-TEH, 2017 WL 2688077 (N.D. Cal. June 22, 2017) distinguishable. In *Gold*, the defendant stated: "Plaintiffs' late expansion deprived it of the opportunity to conduct discovery, among other things, of 'differences between individual homeowners' purchase transactions and business or commercial purchase transactions, such as terms of sale, additional or different contractual and/or warranty terms and conditions, different installation practices, different end uses, and potential resale of products.'" *Id*. at *5. The Court found this argument persuasive stating the changes to the proposed California class would ordinarily allow defendant an opportunity to conduct discovery and, at the late stage of the proceedings, this would prejudice defendants. *Id*. For these reasons, the plaintiff's proposed amendment was denied. *Id*. Of course, here, the discovery period is not only not closed, it recently recommenced after a partial reversal of Summary Judgment by the Ninth Circuit. Further, the only argument before the Court regarding previously conducted discovery is that such discovery remains useful in the case. Thus, the Court finds Defendant's reliance on *Gold v. Lumber Liquidators* inapposite. Finally, this Court finds *Barrett v. ADT Corp.*, Case No. 2:15-cv-1348, 2016 WL 865672 (S.D. Ohio, Mar. 7, 2016) inapplicable on its face as the Southern District of Ohio relied heavily on the inevitable denial of class certification, which is not the state of affairs here.

terms and custodians for electronically stored information ("ESI"), there were outstanding disputes regarding responses to written discovery requests, and Plaintiff had not yet taken Defendant's 30(b)(6) deposition.  ECF No. 117 at 5.

Perhaps it goes without saying that class discovery is always burdensome and the additional costs associated with an amended class definition does not constitute prejudice.  *Nissou-Rabban v. Capital one Bank (USA), N.A.*, 285 F.Supp.3d 1136, 1145 (S.D. Cal. 2018).  In fact, the Court could find no precise definition for prejudice under Rule 15.  In *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999), the Ninth Circuit stated that prejudice is generally found where the amendment would cause substantial delay in the proceedings through reopening of discovery, which is not at issue here.  In fact, the present discovery period, to which the parties stipulated, does not close until 60 days after the Court issues an order on class certification.  ECF Nos. 116 at 6, 118.

The arguments made by Defendant, in light of the unrefuted status and facts leading the parties to this point in time, do not support a finding of prejudice to Defendant that would arise from granting Plaintiff's Motion for Leave to Amend.

C.    Defendant's Argument Regarding Undue Delay.

Defendant contends it suffers delay because Plaintiff should have filed her original complaint identifying putative class members representing detainees and inmates, rather than just detainees.  ECF No. 122 at 11.  Defendant ignores that Plaintiff made Defendant aware of her intent to amend her class definition after Defendant's Motion for Protective Order was granted and the parties then stipulated to extend the due date for amending pleadings to 60 days after the Court's decision on the then-pending Motion to Dismiss.  Defendant further argues that significant discovery was done before the Court granted its Motion for Summary Judgment.  *Id*. at 11-12.  This may be true, but Defendant ignores that it still has not answered any complaint filed by Plaintiff, the discovery period has not closed, the Mandate issued by the Ninth Circuit Court of Appeals was filed on December 14, 2020 (ECF No. 110), and Plaintiff filed her instant Motion for Leave to Amend on February 8, 2021.  While there may have been discovery done before Summary Judgment was granted, Defendant does not contend discovery was complete at that time.

Defendant relies on a series of cases in which the facts are clearly distinguishable from the case at bar. In *Komie v. Buehler Corp.*, 449 F.2d 644 (9th Cir. 1971), the appellate court affirmed a denial of a motion to amend that was filed 31 months after the answer was filed, 11 months after the joint pretrial statement was signed, and more than six months after the case was set for trial. *Id*. at 648. None of those circumstances are present here. Further, the discovery completed in the *Komie* case was not relevant to the new claim Plaintiff sought to add. *Id*. In *Mende v. Dun & Bradstreet, Inc.*, 670 F.2d 129 (9th Cir. 1982), the Ninth Circuit again affirmed a decision to deny a motion to amend a complaint finding that "the amended complaint was filed three days after the court ordered plaintiff to answer interrogatories, to deliver them to defendant no later than July 25, 1980, and to pay defendant $300 in attorney's fees. Thus, the court apparently believed there had been undue delay even before plaintiff filed his amended complaint." *Id*. at 131. The court further found it "noteworthy that plaintiff filed a lawsuit against defendant in 1966 asserting causes of action for libel, slander, invasion of privacy, and interference with business relationships" and that "Plaintiff did not inform the court below that some of the issues in the proposed amended complaint had been raised 14 years earlier in *Mende v. Union*, Los Angeles Superior Court Action No. 885 836 (filed May, 1966), which was dismissed for failure to timely amend." *Id*. at 131 and 131 n.1. The circumstances in *Mende* cannot be likened to the case at bar in which Plaintiff moved diligently to file her Motion for Leave to Amend less than two months after the Ninth Circuit Mandate was filed that revived this case.[4]

Defendant's argument that Plaintiff unduly delayed filing her Motion for Leave to Amend is also unpersuasive given that (1) before Summary Judgment was granted, mooting the Motion to Dismiss, the parties stipulated to extend the pleading amendment date to 60 days after the Motion to Dismiss was decided, and (2) once Summary Judgment was granted in Defendant's favor the case was over until the Ninth Circuit returned the matter to this Court in late 2020. It is undisputed that Plaintiff communicated her intent to amend to include all those housed by CoreCivic in November 2018. It is undisputed that Plaintiff did not amend following Summary Judgment because the case

---

[4] The Court has considered each of Defendant's other cases cited in its Response to the Motion for Leave to Amend (ECF No. 122 at 12) and finds them equally inapposite.

was over.  It is undisputed that Plaintiff filed her Motion for Leave to Amend her Complaint less than two months after the Ninth Circuit filed its Mandate returning the case to the district court. These facts belie bad faith, undue delay, surprise, and prejudice.[5]

             D.       Defendant's Rule 15 Relation Back Argument.

Defendant cited to Fed. R. Civ. P. 15(c) in an effort to convince the Court that Plaintiff fails to meet all requirements of the provisions found in Rule 15(c)(1)(C).  ECF No. 122 at 13-15.  Rule 15(c)(1)(C) states: "the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Here, of course, Plaintiff does not seek to change the party against whom she has brought her action.  CoreCivic is the Defendant named in Plaintiff's original Complaint, Amended Complaint, and proposed Second Amended Complaint.  ECF Nos. 1, 25, and 117-2.  For this reason alone, Defendant's argument regarding Rule 15(c) fails.

Plaintiff further properly argues that her proposed amendment has been known to Defendant since at least March 20, 2019 when the parties stipulated to extend the due date for amending pleadings (ECF No. 86), and that the conduct at issue in the proposed Second Amended Complaint is identical to the conduct that has been at issue since the original Complaint was filed—at its core, the alleged impermissible interception of calls between attorneys and clients housed at CoreCivic facilities.  As stated in *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014), "once litigation has been commenced, an opposing party is on notice that the pleading party may

---

[5]     In passing, Defendant contends that "Plaintiff has waived any invitation to seek … amendments and/or should be estopped from doing so now."  ECF No. 122 at 12.  Defendant's reliance on *Brethwaite v. Cincinnati Milacron Mktg. Co.*, Case No. 94-3621, 1995 WL 505949 (E.D. Pa. Aug. 21, 1995) is misplaced.  *Brethwaite* does not discuss estoppel or waiver, and the court granted Plaintiff's Motion to Amend with the exception of three paragraphs in the proposed amendment, which the court previously rejected.  In *Jaffree v. Wallace*, 837 F.2d 1461 (11th Cir. 1988), the court affirmed the decision to deny a motion to amend applying estoppel to an argument regarding res judicata.  *Id*. at 1466 ("assuming that res judicata barred the Jaffree's original complaint, plaintiffs were estopped from amending their complaint").  Defendant's attempt to shoehorn the facts of this case into facts underlying the decisions in *Brethwaite* and *Jaffree* fail.

subsequently raise any claims or defenses that form part of the same conduct, transaction, or occurrence as the original pleading."

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 117) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall separate the Second Amended Complaint (ECF No. 117-2) from Plaintiff's Motion and file the same.

IT IS FURTHER ORDERED that Defendant's response to Plaintiff's Second Amended Complaint shall be due twenty-one (21) days following the date of this Order.

Dated this 14th day of May, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

13