Daniel P. Struck
Arizona Bar No. 012377
*(admitted pro hac vice)*
Rachel Love
Arizona Bar No. 019881
*(admitted pro hac vice)*
Jacob B. Lee
Nevada Bar No. 012428
Ashlee B. Hesman
Nevada Bar No. 012740
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
dstruck@strucklove.com
rlove@strucklove.com
jlee@strucklove.com
ahesman@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone: (702) 839-1100
gwinspear@dennettwinspear.com

*Attorneys for Defendant CoreCivic, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Kathleen Bliss, on behalf of herself, the Proposed Nationwide Rule 23 Class, and the Proposed Nevada Subclass,<br><br>                                        Plaintiff,<br><br>         v.<br><br>CoreCivic, Inc.,<br><br>                                        Defendant. | Case No. 2:18-cv-01280-JAD-EJY<br><br>**STIPULATION FOR ENTRY OF AMENDED PROTECTIVE ORDER** |

Kathleen Bliss ("Plaintiff") and CoreCivic, Inc. ("CoreCivic") (collectively, the "Parties" and singularly, "Party"), through their respective counsel, stipulate and agree that the following specifications shall govern the dissemination of documents and information exchanged between the Parties in this matter, and jointly request that the Court enter the following Protective Order. This Protective Order will replace the prior Protective Order in this case (ECF No. 45).

1.      For purposes of this Stipulation and Order, "discovery" means all information, documents, and things subject to discovery and that may be used as evidence in this action, whether produced by any Party or third party (such Party or third person being referred to herein as a "Producing Person"), including but not limited to, documents and information produced pursuant to Rule 26, testimony adduced at depositions pursuant to Rule 30 or 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, and answers to requests for admissions pursuant to Rule 36. The term "documents" includes, but is not limited to, correspondence, memoranda, interoffice and/or intra-government communications, letters, statements, contracts, invoices, drafts, charts, work sheets, logs, transcripts, summaries, notes, abstracts, motions, drawings, diagrams, maps, specifications, sketches, drawings, data, reports, work assignments, instructions, and other writings.

2.      For purposes of this Stipulation and Order, "CONFIDENTIAL INFORMATION" means any document, information, or tangible thing, electronic recording or transcript of oral testimony, whether or not made under oath, or any portion of such a document, thing, recording, or transcript, designated by any Producing Person as "CONFIDENTIAL" because it CONTAINS: (a) proprietary information (i.e., trade secret or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26); (b) security-sensitive information related to the operation of any CoreCivic facility (i.e., information that if released to the public or inmate/detainee population may compromise the safety and security of a correctional or detention facility); (c) confidential personal information related to Plaintiff, putative class members (including any clients that class members may have represented), or current or former employees of CoreCivic, the disclosure of which might invade such persons' privacy; or (d) information reasonably believed to be protected from disclosure pursuant to state or federal law. CONFIDENTIAL INFORMATION is specifically intended to include, but is not limited to: (1) CoreCivic's policies and procedures, unless they are already public records; (2) CoreCivic's training materials, information, and documents, unless they are already public records; (3) CoreCivic's Post Orders, unless they are already public records; (4) CoreCivic's investigative materials, to the extent, if any, they apply to Plaintiffs' claims, unless they are already public

3984745                                                 2

records, including, but not limited to, inmate/detainee institutional files and/or documents, disciplinary-related documents, criminal history-related documents, security threat group or gang intelligence-related documents, and presentence investigations; (5) facility diagrams/photographs/ security video, including information related to placement of security cameras, unless they are already public records; and (6) any records of CoreCivic's government partners already contained in CoreCivic's records, unless they are already public records. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings, and any instrument that comprises, embodies, or summarizes matter that any Producing Person considers confidential. Nothing in this Stipulation and Order or the acceptance of documents under this Stipulation and Order waives any Party's rights to object to the classification of any information as CONFIDENTIAL and to submit the issue to the Court for resolution. Nor does anything in this Order require a Producing Person to produce such CONFIDENTIAL INFORMATION.

3.    Only documents marked "CONFIDENTIAL" will be subject to this Stipulation and Order. Documents subject to this Stipulation and Order will be used by non-producing Parties only in this lawsuit, including any appeals. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Order.

4.    Whenever a deposition or court proceeding involves the disclosure of a Producing Person's CONFIDENTIAL INFORMATION to a Party, the following procedure will apply:

a.    The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

b.    The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

3984745                                   3

c.    All portions of deposition transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 7 and 8.

d.    Any Producing Person may designate any portion of a deposition, not previously designated as CONFIDENTIAL INFORMATION, as CONFIDENTIAL INFORMATION within 60 days of receipt of the transcript of the deposition by the Party by advising all counsel of record of their designation of the specific portions of the deposition as CONFIDENTIAL, which shall then be treated as if designated initially at the deposition from that point forward.

5.    If counsel for any Party wishes to file CONFIDENTIAL INFORMATION on the public docket or otherwise make it publicly available, counsel shall notify the Producing Person of their intent to file or distribute such material at least three business days before doing so. Upon such notice, counsel for such Party ("the Filing Party') and the Producing Person shall confer in good faith to agree on appropriate redactions, if necessary. Unless otherwise agreed to by the Parties and, with respect to documents provided by any Producing Person, the Producing Person, all pleadings that contain the "CONFIDENTIAL" designation shall only be publicly filed in redacted form. An unredacted version will be filed under seal with the clerk of the court pursuant to the Federal Rules of Civil Procedure, this Court's Civil Local Rules, General and Special Orders, and any other applicable orders issued by this Court or rules promulgated by this Court, including Local Rules requiring the Parties to seek leave to file under seal by motion. If the Producing Person that made the "CONFIDENTIAL" designation is not the party seeking to file the "CONFIDENTIAL INFORMATION," then the Producing Person shall be responsible for providing its reasoning for wanting the material filed under seal in writing to the Filing Party within such times as reasonable for the Filing Party to move to file under seal in advance or contemporaneously with the filing. The parties shall follow and abide by the Federal Rules of Civil Procedure, this Court's Civil Local Rules, General and Special Orders, and any other applicable orders issued by this Court or rules promulgated by this Court with respect to filing documents under seal.

3984745

4

6.      Subject to the Federal Rules of Evidence, CONFIDENTIAL INFORMATION may be offered in evidence at trial or any court hearing in this matter, provided that the proponent of the evidence gives reasonable notice to counsel for any Party or other person who designated the information as CONFIDENTIAL. Any Producing Person may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as CONFIDENTIAL, and what protection, if any, the information may be afforded at trial.

7.      Unless otherwise provided in this Order, access to CONFIDENTIAL INFORMATION will be restricted to: the Court and its officers; attorneys in this action and their support staff, including paralegals, legal interns, and legal assistants; the Parties; testifying or consulting experts; any person noticed for deposition or designated as a trial witness to the extent reasonably necessary to prepare such person to testify, except as prohibited by paragraph 8; where production is required by the Federal Rules of Civil Procedure; or where production is ordered by the Court. Any person to whom disclosure is made will be furnished with a copy of this Stipulation and Order and will be subject to the Order.

8.      CONFIDENTIAL INFORMATION containing the address, identifying information, dependent information, or contact information of current or former CoreCivic employees or contractors will not be disclosed to any current or former inmate/detainee or member of the general public. Access will be restricted to the attorneys in this action, their support staff, and any consulting or testifying experts. Moreover, CONFIDENTIAL INFORMATION containing policies, protocols, practices, and directives specifically relating to security procedures utilized by any Producing Person or CoreCivic employee, government partner, or contractor at a CoreCivic facility will not be disclosed to any current or former inmate/detainee or the general public, unless they are already public records. The Producing Person may produce the information with the label: "CONFIDENTIAL/ATTORNEYS' EYES ONLY." CONFIDENTIAL INFORMATION so labeled shall not be disclosed to the public or to any present or former inmate/detainee, and will be handled accordingly at all times barring a written agreement by the Producing Person to modify or remove the designation or a court order. The terms of this Stipulation and Order are not to be

3984745                                                      5

construed as an agreement by any Producing Person, CoreCivic, or its employees, to disclose security-sensitive information related to the operation of any CoreCivic facility.

9. If any Party, or that Party's counsel, expert, or agent, is required by law or court order to disclose another Producing Person's CONFIDENTIAL INFORMATION to any person or entity not identified in paragraph 7, the name of that person or entity will be furnished to the Producing Person who designated the information as CONFIDENTIAL as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that the Producing Person may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 7 who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Stipulation and Order.

10. The Parties retain the right to challenge the designation of a particular document as CONFIDENTIAL. If a Party to this Stipulation and Order who has received material marked CONFIDENTIAL in accordance with this Stipulation and Order (the "Receiving Party") disagrees with the designation, in full or in part, the Receiving Party shall notify the Producing Person in writing, and the Receiving Party and the Producing Person will confer in good faith as to the status of the material at issue. If the Receiving Party and the Producing Person are unable to agree upon the status of the material at issue, any Party or Producing Person may raise the issue with the Court for resolution. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL rests with the Producing Person.

11. A Producing Person does not waive its right to designate a document as containing CONFIDENTIAL INFORMATION by inadvertently disclosing it without the designation.

a. If a party receives a document or information that the party knows or has reason to believe may constitute CONFIDENTIAL INFORMATION, but which was not designated as such by the Producing Person, the Receiving Party shall promptly notify the Producing Person so that the Parties and the Producing Person may meet and confer as to whether the document should have been designated as CONFIDENTIAL. The Receiving Party shall treat the document or information as if it had been designated as CONFIDENTIAL INFORMATION

3984745

6

until the parties have met and conferred and the Producing Person has either designated the document or information as CONFIDENTIAL and produced a copy of the document or information marked as "CONFIDENTIAL," at which point all other provisions of this Order will apply, including the Receiving Party's right to challenge the designation, or informed the Receiving Party that it will not do so.

b. If a Producing Person discovers that it has inadvertently produced CONFIDENTIAL INFORMATION without designating it as such, it shall promptly inform the Receiving Party that the document or information is CONFIDENTIAL and produce a copy of the document or information marked as "CONFIDENTIAL." Upon receiving such notice, the Receiving Party shall treat the document as if it had been originally designated as CONFIDENTIAL INFORMATION.

c. At any time a Party is notified that a document or information was inadvertently produced without being marked as "CONFIDENTIAL," and the document or information is already part of a filing with the Court, the Filing Party shall either withdraw the document or information or the Parties shall agree to brief the issue for the Court pursuant to applicable law with respect to filing documents under seal.

12. Upon completion of this litigation, counsel and their experts shall return, or by agreement of the Parties may provide a Certificate of Destruction, to the Producing Person any CONFIDENTIAL INFORMATION produced in this action. One file copy of all material may be retained by counsel for each party for malpractice purposes. Legal memoranda and briefs containing protected information, and any work product materials containing protected information may be retained if such documents are kept in the possession of a private litigant's counsel, and shall not in the future be disclosed contrary to the provisions of this Stipulation and Order. Nothing herein shall restrict CoreCivic's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

13. Nothing in this Stipulation and Order precludes the Parties or any Producing Person from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material subject to this Stipulation and Order.

3984745

7

Moreover, by agreeing generally in this Stipulation and Order that certain categories will be covered as CONFIDENTIAL, the Parties and any Producing Person do not waive the right to challenge the discoverability of documents that fall within those categories.

14.    Each person designated in Paragraph 7, by receiving a copy of the Stipulation and Order, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Stipulation and Order is breached.

15.    The Court may modify this Protective Order in the interests of justice or for public policy reasons.

DATED this 2nd day of February, 2022.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Jacob B. Lee
  Daniel P. Struck
  Rachel Love
  Jacob B. Lee
  Ashlee B. Hesman
  3100 West Ray Road, Suite 300
  Chandler, AZ 85226
  dstruck@strucklove.com
  rlove@strucklove.com
  jlee@strucklove.com
  ahesman@strucklove.com

  Gina G. Winspear
  DENNETT WINSPEAR
  3301 North Buffalo Dr., Suite 195
  Las Vegas, NV 89129
  gwinspear@dennettwinspear.com

  *Attorneys for Defendant CoreCivic, Inc.*

NICHOLS KASTER, PLLP

By /s/ Charles A. Delbridge (w/Permission)
  Anna P. Prakash
  Matthew H. Morgan
  Charles A. Delbridge
  Rebekah L. Bailey
  Melanie A Johnson
  Charles J. O'Meara
  4700 IDS Center
  80 South 8th Street
  Minneapolis, MN 55402

3984745

8

aprakash@nka.com
morgan@nka.com
cdelbridge@nka.com
bailey@nka.com
mjohnson@nka.com
comeara@nka.com

Lance D. Sandage
SANDAGE LAW, LLC
1600 Genessee Street, Suite 655
Kansas City, MO 64102
lance@sandagelaw.com

Paul S. Padda
Joshua Y. Ang
PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, NV 89103
psp@paulpaddalaw.com
ja@paulpaddalaw.com

Joseph K. Eischens
THE LAW OFFICE OF JOSEPH K. EISCHENS
1321 Burlington Street, Suite 202
North Kansas City, MO 64116
joe@jkemediation.com

Michael Hodgson
THE HODGSON LAW FIRM, LLC
3699 SW Pryor Road
Lee's Summit, MO 64082
mike@thehodgsonlawfirm.com

*Attorneys for Plaintiff*


**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

DATED:    February 2, 2022

3984745                                          9