UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KATHLEEN BLISS, on behalf of herself,
the Proposed Nationwide Rule 23 Class,
and the Proposed Nevada Subclass,

Plaintiff,

v.

CORECIVIC, INC.,

Defendant.

Case No. 2:18-cv-01280-JAD-EJY

**ORDER**

Pending before the Court is Defendant's Motion for Extension of Deadline for Plaintiff's 30(b)(6) Deposition of CoreCivic.  ECF No. 182.  The Court has considered the Motion, the Response (ECF NO. 183), and the Reply (ECF No. 184).

"A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline.  A request made within 21 days of the subject deadline must be supported by a showing of good cause.  A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3.  "The good cause inquiry focuses primarily on the movant's diligence." *Mendez v. Fiesta Del Norte Home Owners Association*, Case No. 2:15-cv-314, 2016 WL 1643780 at *3 (D. Nev. Apr. 26, 2016).  "Good cause to extend discovery cutoffs exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992)).  To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts apply a four-factor test examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395

1

1    (1993); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010); *Bateman v. United*

2    *States Postal Serv.,* 231 F.3d 1220, 1223-1224 (9th Cir. 2000).

3            Here, Defendant seeks a thirty day extension of the date by which the CoreCivic's 30(b)(6)

4    deponent must appear for deposition.  This date was only recently set by the Court.  CoreCivic states

5    it has worked diligently to gather information from its facilities and prepare a witness to testify to

6    the subject matters appearing in Plaintiff's notice.  Defendant argues that it is more efficient if

7    Plaintiff takes the deposition of Praeses, an entity contracting with CoreCivic, before it takes the

8    CoreCivic deposition as Praeses may be able to answer questions limiting what CoreCivic may need

9    to provide at deposition.  Plaintiff claims CoreCivic has had more than enough time to prepare a

10   witness, as well as more than enough time to gather information responsive to the deposition topics.

11   Plaintiff states it will be prejudiced by an extension because the deadline to disclose experts for class

12   certification purposes is "just five months away" and, undoubtedly, Plaintiff will ask for additional

13   extensions resulting in the CoreCivic 30(b)(6) deposition not taking place until May.  ECF No. 183

14   at 2.

15           While the Court may find that CoreCivic's representation regarding the need to collect

16   documents from individual facilities surprising, there is no basis, at this juncture, to find that

17   representation lacks merit.  Given that there are 47 facilities at issue, the Court understands this could

18   take a reasonably long period of time to do, especially given that the information must then be shared

19   with an identified 30(b)(6) deponent who will need to be prepared to testify.  Of course, all but one

20   topic included in the 30(b)(6) notice of deposition issued by Plaintiff was agreed upon by the end of

21   January 2022, as evidenced by the motion pertaining to the remaining topic filed on February 3,

22   2022.  This is two months ago.

23           Further, the Court notes that Plaintiff is in charge of the depositions she seeks and the order

24   in which she seeks them.  Plaintiff is not required to take a deposition of CoreCivic's contractor

25   before the CoreCivic 30(b)(6) deposition because CoreCivic thinks that is a good idea.  Nonetheless,

26   Plaintiff is forewarned that if she chooses to depose CoreCivic before Praeses, and the deposition of

27   Praeses raises new questions, this will not necessarily be the basis for a second 30(b)(6) deposition

28   of CoreCivic.

CoreCivic is also forewarned that repeated averments that it needs more time, as has occurred on several occasions in this case before this judge, will not continue to be tolerated.  If more resources must be devoted to this case, then CoreCivic must take such steps to meet the demand. However, whatever the cause, CoreCivic must be diligent at all times in its efforts with respect to responding to discovery.

Based on the Court's knowledge of this case and the written arguments of the parties, the Court finds that the efforts made to meet the deadline for the 30(b)(6) deposition of CoreCivic was sufficiently diligent to demonstrate good cause.  The Court further finds that there is no danger of prejudice as no trial date is set and, to the extent the deadline for disclosing initial class certification experts must be moved, the Court will entertain such a request when made.  The length of delay requested will have limited impact on these proceedings, and the reason for the delay is justified. Thus, on this occasion, CoreCivic establishes excusable neglect.  All this said, *no further extension of time will be granted to CoreCivic to produce one or more fully prepared 30(b)(6) deponent(s) to testify in response to Plaintiff's notice of deposition.*

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Extension of Deadline for Plaintiff's 30(b)(6) Deposition of CoreCivic (ECF No. 182) is GRANTED.

IT IS FURTHER ORDERED that the deposition of the CoreCivic person most knowledgeable regarding the topics appearing in Plaintiff's 30(b)(6) deposition notice **must** take place no later than **April 29, 2022**.  No further extension of time will be granted to CoreCivic for purposes of appearing at the deposition.

Dated this 29th day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE