UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KATHLEEN BLISS, on behalf of herself, the Proposed Nationwide Rule 23 Class, and the Proposed Nevada Subclass,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC.,<br><br>Defendant. | Case No. 2:18-cv-01280-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Compel Defendant's Responses to Interrogatories and Requests for Production of Documents. ECF No. 187. The Court has considered Plaintiff's Motion, Defendant's Response (ECF No. 190), the Errata (ECF No. 191), and Plaintiff's Reply. ECF No. 193.

**I.      The Failure to Comply with Meet and Confer Obligations**.

As explained herein, the Court finds Plaintiff has not met her good faith meet and confer obligations pertaining to the issues presented in the Motion to Compel. For this reason, much of the substance of the Motion is not ruled upon in this Order.

United States District Court for the District of Nevada Local Rules define the obligation to meet and confer as requiring direct communication and good faith discussion of issues. LR IA 1-3(f). This Rule further states that "[u]nless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement." Moreover, "[a] party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention." *Id*. at (f)(2). "Failure to make a good-faith effort to meet and confer before filing

any motion to which the requirement applies may result in denial of the motion." *Id.* at (f)(4). With respect to the instant Motion, LR 26-6(c) states "Discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."

More than technical compliance is required to establish meet and confer obligations are met. Meet and confer requires "meaningful discussions of the substance of the parties dispute in a genuine effort to avoid judicial intervention. … Counsel must present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions. … The meet and confer requirement is more than a formalistic prerequisite, and the parties must treat the process as a means to substitute judicial resolution." *Mendoza v. Amalgamated Transit Union International*, Case No. 2:18-cv-00959-JCM-CWH, 2019 WL 9100188, at *5 (D. Nev. June 24, 2019) (internal quote marks and citations omitted). *See also U-Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, Case No. 2:12-cv-00231-KJD-CWH, 2013 WL 5278523, at *3 (D. Nev. Sept. 17, 2013) ("Plaintiff's efforts to engage in meaningful discussions to resolve these discovery disputes were woefully inadequate. Plaintiff's counsel did not engage in the type of meet and confer process or personal consultation required.").

Here, Plaintiff provides a declaration technically required by the Local Rule; however, that declaration states the last effort to meet and confer regarding the issues presented in the instant Motion was, at best, on November 11, 2021. ECF No. 187-1 ¶ 5. A meet and confer that occurred five months before the filing a motion to compel cannot possibly establish meaningful discussions intended to resolve, without judicial intervention, the issues presented in the Motion. Thus, Plaintiff has not met her good faith meet and confer obligations and the Motion to Compel is denied for this reason.

**II.    The Court Orders Defendant to Supplement Written Discovery Responses**.

Despite Plaintiff's failure to meet and confer in compliance with the Local Rule, Defendant has independently failed to comply with its obligations to supplement written responses to written discovery. *U.S. E.E.O.C. v. Bill Heard Chevrolet Corp.*, Case No. 2:07-cv-01195-RLH-PAL, 2009

WL 2489282, at *3 (D. Nev. Aug. 12, 2009) (Rule 26 of the Federal Rules of Civil Procedure imposes on parties a continuing obligation to supplement responses to written discovery). Setting aside Plaintiff's exaggerated contention that three years has passed since Defendant was first alerted to deficiencies in its discovery responses,[1] Plaintiff is correct that repetitive boilerplate objections are ineffective, and Defendant must not only produce documents on an on-going basis, but must revise its written responses to discovery. *Id.*; *Prado-Guajardo v. Perez*, Case No. 2:16-cv-00546-GMN-VCF, 2017 WL 3130420, at *2 (D. Nev. July 24, 2017). Burdensome objections must be supported by assertions of the time and expense required to respond to the request. *Acosta v. Wellfleet Commc'ns, LLC*, Case No. 2:16-cv-02353-GMN-GWF, 2018 WL 664779, at *8 (D. Nev. Feb. 1, 2018) (internal citations omitted).

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Defendant's Responses to Interrogatories and Requests for Production of Documents (ECF No. 187) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion and Points and Authorities for Leave to File Supplemental Evidence in Support of Plaintiff's Motion to Compel (ECF No. 196) is DENIED without prejudice as moot.

IT IS FURTHER ORDERED that Defendant **must** supplement its responses to all written discovery **no later than June 14, 2022**, providing the supplemental responses by electronic and regular U.S. Mail to Plaintiff. The supplements **must** include, in addition to any substantive additions, the identity, with reasonable specificity, of the documents (by Bates number) responsive to document requests or to which Defendant refers in response to interrogatories. Other than privilege, no additional objections may be asserted as the time to object has passed.

IT IS FURTHER ORDERED that Defendant **must** ensure that all documents in its possession, custody or **within its control**, including those that may be in the possession of defense counsel, that have not been produced, but which are responsive to document requests are produced by **June 14, 2022**.

---

[1] Plaintiff ignores the lengthy period when this case was on appeal to the Ninth Circuit.

IT IS FURTHER ORDERED that prior to the meet and confer, Defendant **must** confer with Praeses, as its contractual agent, regarding the ability to gather documents from entities with whom Praeses contracted to provide inmate telephone services.[2]

IT IS FURTHER ORDERED that Plaintiff **must** identify, in writing, each supplemental response she continues to believe is inadequate stating the basis for the contention and, if applicable, the law in support of the contention. The written response to supplemented discovery **must** be provided by Plaintiff to Defendant by electronic and regular U.S. Mail no later than **June 21, 2022**.

IT IS FURTHER ORDERED that the parties **must** meet and confer in person or through a mutually agreed upon video-conferencing platform **no later than June 28, 2022** for purposes of discussing each and every response to discovery that Plaintiff contends remains inadequate. To the extent applicable, Defendant **must** be able to identify, with certainty, dates by which additional documents it is gathering will be produced, which date **must not** be more than 30 days after the date of the meet and confer.

IT IS FURTHER ORDERED that within **ten (10) days** of the date of the meet and confer, the parties **must** file a joint statement reflecting what issues remain to be resolved, whether another meet and confer is set to discuss these remaining issues, if not why not, and if no additional meet and confer is set, what issues must be decided by the Court. For each discovery request and response in dispute the request **must** be included **in the joint filing, and not in an exhibit**, and each parties' respective position must follow that discovery request.

IT IS FURTHER ORDERED that if an extension of discovery is required as a result of this Order, the parties **must** include the proposed extension in its joint statement.

Dated this 2nd day of June, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[2] *See Robert L. Citroen, L. Corp. v. Micron Optics, Inc.*, Case No. 3:16-cv-00570-RCJ-WGC, 2017 WL 3707391, at *5 (D. Nev. Aug. 28, 2017) (internal citations omitted) (emphasis in original) (A party must "produce documents in their possession, custody or control. This has been interpreted to mean documents the party has a legal right to obtain, even if the party does not actually possess a copy of the document. … Federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand.")