Paul S. Padda
NV Bar No. 10417
PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, NV 89103
Tel: 702.366.1888
psp@paulpaddalaw.com

Additional co-counsel listed on signature page

ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASSES

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

| | |
|---|---|
| Kathleen Bliss, on behalf of herself, the Proposed Nationwide Rule 23 Class, and the Proposed Nevada Subclass, | Case No. 2:18-CV-01280-JAD-EJY |
| Plaintiff, | |
| v. | **JOINT STATUS REPORT** |
| CoreCivic, Inc., | |
| Defendant. | |

The parties submit this joint status report pursuant to the Court's June 2, 2022 Order. (ECF No. 200.) Defendant sent Plaintiff supplemental written discovery responses on June 14, 2022. Plaintiff responded in writing on June 21, 2022. The parties met and conferred on June 28, 2022. They now submit this report. Given the length of certain discovery requests and responses, the parties also provide the following Table of Contents for the Court's convenience.

**TABLE OF CONTENTS**

I.      AGREEMENTS……………………………………………………………5

        A. GENERAL AGREEMENTS……………………………………………...5

           1.  Representative Sampling……………………………...………………5

           2.  Identification of Documents…...…………………...…………………5

1

3. Documents Defendant has the Legal Right to Obtain……………………………6

B. AGREEMENTS ON INTERROGATORIES …..………………………………...…...……...6

1. Interrogatories 2 and 3……………………………………………………...6

2. Interrogatory 7………………………………………………………............6

    *a. Text of Interrogatory 7*......................................................................6

    *b. June 14 Response to Interrogatory 7*................................................6

    *c. Agreement on Interrogatory 7*.........................................................7

C. AGREEMENTS ON DOCUMENT REQUESTS.......................................................7

1. Document Request 2..........................................................................7

    *a. Text of Document Request 2*............................................................7

    *b. June 14 Response to Document Request 2*.......................................8

    *c. Agreement on Document Request 2*..................................................8

2. Document Request 5..........................................................................8

    *a. Text of Document Request 5*............................................................8

    *b. June 14 Response to Document Request 5*.......................................8

    *c. Agreement on Document Request 5*..................................................10

3. Document Request 8..........................................................................10

    *a. Text of Document Request 8*............................................................10

    *b. June 14 Response to Document Request 8*.......................................11

    *c. Agreement on Document Request 8*..................................................11

4. Document Requests 10 and 11...........................................................11

    *a. Text of Document Request 10*..........................................................11

    *b. June 14 Response to Document Request 10*.....................................11

    *c. Text of Document Request 11*..........................................................11

    *d. June 14 Response to Document Request 11*.....................................11

    *e. Agreements on Document Requests 10 and 11*................................12

5. Document Request 13........................................................................12

    *a. Text of Document Request 13*..........................................................12

*b. June 14 Response to Document Request 13*...................................................12

*c. Agreement on Document Request 13*........................................................13

6. <u>Document Request 14</u>.................................................................................13

*a. Text of Document Request 14*..................................................................13

*b. June 14 Response to Document Request 14*..............................................13

*c. Agreement on Document Request 14*........................................................13

7. <u>Document Request 15</u>.................................................................................14

*a. Text of Document Request 15*..................................................................14

*b. June 14 Response to Document Request 15*..............................................14

*c. Agreement on Document Request 15*........................................................16

8. <u>Document Request 18</u>.................................................................................16

*a. Text of Document Request 18*..................................................................16

*b. June 14 Response to Document Request 18*..............................................16

*c. Agreement on Document Request 18*........................................................18

9. <u>Document Request 20</u>.................................................................................18

*a. Text of Document Request 20*..................................................................18

*b. June 14 Response to Document Request 20*..............................................19

*c. Agreement on Document Request 20*........................................................19

10. <u>Document Request 21</u>...............................................................................19

*a. Text of Document Request 21*..................................................................19

*b. June 14 Response to Document Request 21*..............................................20

*c. Agreement on Document Request 21*........................................................20

II.    SUMMARY OF OUTSTANDING DISCOVERY ISSUES…………………………..20

A. ISSUES WITH INTERROGATORY RESPONSES 4, 5, AND 6………………………..20

1. Text of Interrogatory 4………………………………………………………..20

2. June 14 Response to Interrogatory 4………………………………...……….21

3. Text of Interrogatory 5………………………………………………………..21

4. June 14 Response to Interrogatory 5………………………………...……….21

5.   Text of Interrogatory 6…………………………………………………21

6.   June 14 Response to Interrogatory 6……………………………………...………21

7.   Plaintiff's Position on Interrogatories 4, 5, and 6………………...……………22

8.   Defendant's Position on Interrogatories 4, 5, and 6………………………………23

B.   ISSUES WITH RESPONSES TO DOCUMENT REQUESTS...………………………………...25

1.   Document Request 7………………………………………………………24

   a.   Text of Document Request 7……………………………………………24

   b.   June 14 Response to Document Request 7……………………………………25

   c.   Plaintiff's Position on Document Request 7…………………………………27

   d.   Defendant's Position on Document Request 7…………………………………27

   e.   Status of Discussions on Document Request 7……………………………28

2.   Document Request 19……………………………………………………28

   a.   Text of Document Request 19…………………………………………28

   b.   June 14 Response to Document Request 19………………………………28

   c.   Plaintiff's Position on Document Request 19…………………………………29

   d.   Defendant's Position on Document Request 19………………………………29

   e.   Status of Discussions on Document Request 19………………………………30

C.   DOCUMENTS WITHHELD BASED ON CLAIMED PRIVILEGE…………………………30

1.   Plaintiff's Position………………………………………………………30

2.   Defendant's Position ……………………………………………...……………31

3.   Status of Discussions Regarding Claimed Privilege……………………………31

III.   NEXT STEPS…………………………………………………………………31

A.   NEXT MEET-AND-CONFER .................................................................31

B.   ADDITIONAL DISCOVERY...................................................................32

C.   CLASS CERTIFICATION AND DISCOVERY DEADLINES....................................32

D.   STATUS REPORT...............................................................................32

**JOINT STATUS REPORT**

I.    **AGREEMENTS**

    A. GENERAL AGREEMENTS

        1.    **Representative Sampling**

Plaintiff's June 21 letter to Defendant was nine pages long and enclosed a 10-page attachment that listed roughly 350 specific documents by request number, facility name and, where possible, effective dates that Plaintiff believes have not been produced. In the course of discussing the same, the parties agreed to consider stipulating to Defendant producing, for certain document requests, a representative sample of unproduced responsive documents instead of all unproduced responsive documents. Defendant will send Plaintiff a draft stipulation by July 15, 2022 and the parties will discuss the same at the meet-and-confer scheduled for July 21, 2022. (*See infra* Pt.III.A.)

        2.    **Identification of Documents**

Defendant has explained that there is an error in the supplemental written responses it produced on June 14. Specifically, Defendant's seventh supplemental response to Plaintiff's document requests is over 800 pages due to lengthy tables listing documents that Defendant believed to be responsive to each request. However, those tables actually include responsive documents *and their families*, which are not always responsive.[1] Defendant will provide supplemental responses with updated tables that only list responsive documents and will do so by

---

[1] Defendant further represents: Pursuant to the Stipulation for Entry of Order Controlling Discovery of ESI, responsive documents are to be produced in complete families, even if some of the family members are not responsive. (Dkt. 46 at 5.)  More than 64,000 email family members were collected in the first stage of ESI, and linearly reviewed for responsiveness.  It is possible that review team members marked certain documents responsive simply because they were part of an email family member of a responsive document.  Likewise, it also appears that reviewers initially marked documents responsive which relate to facilities excluded from this action, such as the Leavenworth Detention Center or Otay Mesa Detention Center.  Nevertheless, in order to identify documents that are responsive to each discovery request, CoreCivic performed a linear review of the produced documents and ESI which were coded as responsive and added additional coding as to which request each document was responsive to.  CoreCivic then asked its ESI vendor to set up queries to generate reports of responsive documents and ESI for each request, but the vendor misunderstood the instructions and included all members of a document family which was coded for a specific request, rather than just individual responsive documents.  The queries have been revised to only identify documents which were coded responsive relating to a particular issue.

1   July 28, 2022.

2   **3.   <u>Documents Defendant has the Legal Right to Obtain</u>**

3   Plaintiff was unable to tell from Defendant's supplemental responses of June 14 whether

4   certain documents were truly not in Defendant's possession, custody, or control. Defendant will

5   supplement again to explicitly state which documents are not within its "possession, custody, or

6   control" instead of using alternative language and will do so by July 28, 2022.

7   **B.   AGREEMENTS ON INTERROGATORIES**

8   **1.   <u>Interrogatories 2 and 3</u>[2]**

9   Defendant need not supplement its responses to these interrogatories.

10   **2.   <u>Interrogatory 7</u>**

11   Defendant will supplement its response to this interrogatory:

12   ***a.   Text of Interrogatory 7***

13   Describe data systems used to house the data requested in Plaintiffs Request for Production

14   of Documents.

15   ***b.   June 14 Response to Interrogatory 7***

16   Objection: Vague, ambiguous, overbroad, and unduly burdensome as to "data systems" and

17   "the data requested in Plaintiff's Request for Production of Documents." See CoreCivic's

18   objections to Plaintiff's Requests for Production of Documents, served concurrently with these

19   responses, and which are incorporated herein by reference. Unduly burdensome to the extent the

20   request is duplicative of Topics Nos. 6, 10, 12, and 13 in Plaintiff's First Amended Notice of

21   Deposition Pursuant to Fed. R. Civ. P. 30(b)(6). Without waiving these objections, in addition to

22   the inmate telephone systems described in the foregoing response to Interrogatory No. 1, CoreCivic

23   uses an e-mail system which is based upon an enterprise journal and vault to retain a single copy

24   of each e-mail message sent or received by any CoreCivic employee, pursuant to the applicable

25   retention period as set forth in CoreCivic policy, or any litigation hold. Furthermore, certain facility

26

27   [2] Defendant notes that Interrogatories 2 and 3, Document Requests 2, 15, 18-19, and the privilege
issue discussed below were not included in Plaintiff's Motion to Compel. Plaintiff notes that the
28   Court's order to meet and confer did not limit topics to those set out in the motion to compel. (ECF
No. 200.)

or individual users may be stored on a network location. CoreCivic workstations are not configured to permit the local storage of files or documents. With respect to facility detainee management, in addition to paper files maintained at each facility for each detainee, CoreCivic also utilizes a relational database known as Offense Management System Enhanced ("OMSe") to capture information relating to specific detainees, including but not limited to: booking information, classification, Security Threat Group information, housing assignments, inmate trust account activity, property, clothing issue, commissary purchases, medical status, special diets, meal receipts, mail activity, suicide risk factors, PREA risk factors, detail assignments, work release program participation; and, is also used to perform sentence computations, generate customer bills, pay facility expenses, schedule detainee programs, manage outside transports and temporary releases, manage visitation, manage commissary operations, track random drug testing, and confirm release status and verify release identity. Although these capabilities are available in the system, the extent to which they are utilized varies from one facility to another. CoreCivic does not seek or routinely enter information pertaining to detainee's counsel. There is no place for such information to be entered during booking. Certain information regarding attorneys may be captured at those facilities where OMSe is used to manage and track detainee visitors, including visits by attorneys. The ITS described in the foregoing response to Interrogatory No. 1 are generally web-based platforms hosted, controlled, and subject to the retention policy and access permissions granted by the ITS provider (where CoreCivic contracted for and through Praeses manages the ITS) or CoreCivic's governmental partner (where they contract for and manage the applicable ITS).

### c.   *Agreement on Interrogatory 7*

Defendant will supplement its response to confirm that its answer applies to all 47 facilities at issue, as well as the Facility Service Center (i.e., headquarters known as "FSC"), and will do so by July 28, 2022.

## C.   AGREEMENTS ON DOCUMENT REQUESTS

### 1.   **Document Request 2**

#### a.   *Text of Document Request 2*

All requests, including but not limited to administrative subpoenas, for jail recordings or transcripts of recordings of any phone calls made by any detainees who are or were detained at any of your facilities.

### b.  June 14 Response to Document Request 2

Because the parties have agreed on this request and given that the response is 90 pages long, the parties are attaching the response as Exhibit A. The responses for which the parties have disputes are stated in full below.

### c.  Agreement on Document Request 2

Defendant will rely on second stage ESI to produce any additional documents responsive to this request. In the second addendum to the ESI protocol, which the Court recently signed off on (ECF No. 202), the parties agreed to a rolling production on second stage ESI. The parties are working to finalize search terms and will begin production on the timeline laid out in Section IX. D.2 of the second addendum to the ESI protocol. (*Id.*)

### 2.  **Document Request 5**

### a.  Text of Document Request 5

All records of detainees, including information regarding their attorney, housed at any of your facilities as kept in the Inmate Management Systems, including but not limited to OMS and/or any other management system used by you.

### b.  June 14 Response to Document Request 5

Objection: Compound. Vague and ambiguous as to "Inmate Management Systems" and "OMS." Overbroad and unduly burdensome to the extent the request seeks **inmate and** detainee records pertaining to matters other than phone calls between Plaintiff and the putative class members and their clients, and therefore seeks production of documents and information that are not relevant to any party's claims or defenses or proportional to the needs of the case. Overbroad and unduly burdensome to the extent the request seeks documents regarding **inmates and** detainees who are not parties to this action and who have not provided a valid, signed release authorizing the production of their personal information, and therefore seeks production of documents and information that are not relevant to any party's claims or defenses or proportional to the needs of

the case, and/or to the extent production of the requested documents would violate federal law, including, but not limited to, 47 U.S.C. § 222 and/or HIPAA. Unduly burdensome to the extent the request is duplicative of Requests for Production Nos. 3-4, above, and Request for Production No. 8, below.

Based upon the foregoing objections, CoreCivic is not producing the information subject to this request, but is willing to consider providing a sample of extracted data from the OMS system, based upon specific data entry fields which appear in documents previously produced in response to Request for Production No. 6.

Without waiving those objections, CoreCivic was able to obtain limited scope Do Not Record lists from **the ITS systems** some of the facilities[3], **as follows**:

| FACILITY | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|
| Central Arizona Florence | CCKB00118378 | CCKB00118378 |
| Cibola | CCKB00118379 | CCKB00118389 |
| Davis | CCKB00118390 | CCKB00118433 |
| Eden | CCKB00118434 | CCKB00118434 |
| Houston | CCKB00118676 | CCKB00118676 |
| McRae | CCKB00119641 | CCKB00119641 |
| McRae | CCKB00119642 | CCKB00119653 |
| McRae | CCKB00119654 | CCKB00119655 |
| McRae | CCKB00119656 | CCKB00119657 |
| McRae | CCKB00119658 | CCKB00119661 |
| McRae | CCKB00119662 | CCKB00119672 |
| Nevada Southern | CCKB00000609 | CCKB00000625 |
| Nevada Southern | CCKB00051782 | CCKB00051782 |
| Nevada Southern | CCKB00062906 | CCKB00062906 |
| Nevada Southern | CCKB00062907 | CCKB00062907 |
| Nevada Southern | CCKB00070295 | CCKB00070295 |
| Nevada Southern | CCKB00070296 | CCKB00070406 |
| Nevada Southern | CCKB00070407 | CCKB00070486 |
| Saguaro | CCKB00119676 | CCKB00119676 |
| Saguaro | CCKB00119677 | CCKB00119677 |
| South Texas | CCKB00119678 | CCKB00119699 |
| South Texas | CCKB00119700 | CCKB00119710 |

---

[3] **In addition, where facilities facilitate and log the provision of unmonitored legal calls between from detainees and inmates and their legal counsel from staff offices or other areas of the facility where unmonitored phones which are not part of the Detainee Telephone System, those records are also being produced.**

| FACILITY | PROD_BEGDOC | PROD_ENDDOC |
|----------|-------------|-------------|
| Torrance | CCKB00119729 | CCKB00119743 |

The following facilities **have confirmed that they** do not have access to any Do Not Record list information **because CoreCivic is** not a party to the **applicable** vendor contract**s.**

Bent County Correctional Facility

**Coffee Correctional Facility**

**Crowley County Correctional Facility**

**Elizabeth Detention Center**

**Eloy Detention Center**

Jenkins Correctional Center

**La Palma Correctional Center**

**Lee Adjustment Center**

**Northeast Ohio Correctional Center**

**Red Rock Correctional Facility**

**Stewart Detention Center**

T. Don Hutto Detention Center

Wheeler Correctional Facility

CoreCivic will update with any further information as it becomes available**, including any additional responsive documents which may be identified during the Second Stage ESI review.**

### c. *Agreement on Document Request 5*

Defendant has sent requests out to its facilities for additional responsive documents. To the extent Defendant (i.e., any of the 47 facilities and/or FSC) has possession, custody, or control of those documents or can otherwise acquire them, Defendant will produce those documents by July 28, 2022. The parties subsequently agreed that, to the extent Defendant is unable to obtain all responsive documents and the parties cannot devise a solution by July 21, 2022, they will include the outstanding issues in their August 1, 2022 status report to the Court. (*See* infra Pt.III.D.)

### 3. <u>Document Request 8</u>

#### a. *Text of Document Request 8*

10

1    All documents pertaining to the management and operation of your facilities.

2                   **b.   *June 14 Response to Document Request 8***

3    Because the parties have agreed on this request and given that the response is 156 pages long, the

4    parties are attaching the response as Exhibit B. The responses for which the parties have disputes

5    are stated in full below.

6                   **c.   *Agreement on Document Request 8***

7          Defendant has sent requests out to its facilities for additional responsive documents.

8    Defendant is also working with FSC to find any older responsive documents, including for facilities

9    that have since closed or changed ownership/management. To the extent Defendant (i.e., any of the

10   47 facilities and/or FSC) has possession, custody, or control of those documents or can otherwise

11   acquire them, Defendant will produce those documents by July 28, 2022. The parties subsequently

12   agreed that, to the extent Defendant is unable to obtain all responsive documents and the parties

13   cannot devise a solution by July 21, 2022, they will include the outstanding issues in their August

14   1, 2022 status report to the Court. (*See* infra Pt.III.D.)

15               **4.   Document Requests 10 and 11**

16                   **a.   *Text of Document Request 10***

17         All handbook, guidance, notices, or other communications to, for, or from detainees in any

18   of your facilities pertaining in any way to phone calls

19                   **b.   *June 14 Response to Document Request 10***

20   Because the parties have agreed on this request and given that the response is 92 pages long, the

21   parties are attaching the response as Exhibit C. The responses for which the parties have disputes

22   are stated in full below.

23                   **c.   *Text of Document Request 11***

24         All handbook, guidance, notices, or other communications to, for, or from counsel for

25   detainees in any of your facilities pertaining in any way to phone calls.

26                   **d.   *June 14 Response to Document Request 11***

27   Because the parties have agreed on this request and given that the response is 21 pages long, the

28   parties are attaching the response as Exhibit D. The responses for which the parties have disputes

1   are stated in full below.

2   ### *e.   Agreements on Document Requests 10 and 11*

3   Defendant has sent requests out to its facilities for the pre-recorded messages that the

4   incarcerated person, and whoever they call, hear at the beginning of a phone call. Defendant is also

5   attempting to work with certain vendors to acquire the pre-recorded messages. To the extent

6   Defendant (i.e., any of the 47 facilities and/or FSC) has possession, custody, or control of those

7   messages or can otherwise acquire them, Defendant will produce those documents by July 28, 2022.

8   The parties subsequently agreed that, to the extent Defendant is unable to obtain all responsive

9   messages and the parties cannot devise a solution by July 21, 2022, they will include the outstanding

10  issues in their August 1, 2022 status report to the Court. (*See* infra Pt.III.D.) Defendant will rely on

11  second stage ESI to produce any additional documents responsive to Document Requests 10 and

12  11 that have not yet been produced.

13  ### 5.   <u>Document Request 13</u>

14  ### *a.   Text of Document Request 13*

15  For any committee or group with supervisory or administrative functions related to the

16  operation of any of your facilities, all committee minutes, agendas, presentations, and materials

17  distributed or referenced at such committee or group meetings, whether formal or informal.

18  ### *b.   June 14 Response to Document Request 13*

19  Objection: Vague and ambiguous as to "supervisory or administrative functions" and

20  "operation." Overbroad and unduly burdensome to the extent the request seeks documents

21  regarding the workings of "committee[s] or group[s] with supervisory or administrative functions"

22  as to matters other than facilitation of phone calls between Plaintiff and the putative class members

23  and their clients, and therefore seeks production of documents and information that are not relevant

24  to any party's claims or defenses or proportional to the needs of the case. Unduly burdensome to

25  the extent the request is duplicative of Request for Production No. 8, above.

26  Based upon these objections, the parties met and conferred, and Plaintiff agreed to limit the

27  scope of this request to only those documents which relate to recording prisoners' telephone calls

28  or providing telephone recordings or transcripts to law enforcement.  Defendant will produce non-

privileged, relevant, and responsive records, but anticipate that most of those will exist only within the ESI, where the parties have not yet finalized all custodians and search criteria for collection and the parties have agreed to phase production, beginning with NSDC.

Without waiving these objections, CoreCivic **directs Plaintiff to the following:**

| FACILITY | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|
| Nevada Southern | CCKB00055461 | CCKB00055461 |
| Nevada Southern | CCKB00055462 | CCKB00055462 |
| Nevada Southern | CCKB00056888 | CCKB00056888 |
| Nevada Southern | CCKB00056889 | CCKB00056889 |
| Nevada Southern | CCKB00056890 | CCKB00056890 |

**CoreCivic anticipates that additional responsive documents will be identified during the Second Stage ESI review and will subsequently be produced.**

### c.  *Agreement on Document Request 13*

Defendant will rely on second stage ESI to produce any additional documents responsive to this request.

### 6.  **Document Request 14**

### a.  *Text of Document Request 14*

All documents, including but not limited to, any contracts, services agreements, side agreements, and records of negotiations, between you and state and federal governments, regarding the operation of correctional facilities,

### b.  *June 14 Response to Document Request 14*

Because the parties have agreed on this request and given that the response is 62 pages long, the parties are attaching the response as Exhibit E. The responses for which the parties have disputes are stated in full below.

### c.  *Agreement on Document Request 14*

Defendant will search for additional documents responsive to this request. Defendant will specifically seek out the contracts listed in the attachment to Plaintiff's June 21, 2022 letter. To the extent Defendant (i.e., any of the 47 facilities and/or FSC) has possession, custody, or control of those documents or can otherwise acquire them, Defendant will produce those documents by July 28, 2022. The parties subsequently agreed that, to the extent Defendant is unable to obtain all

responsive documents and the parties cannot devise a solution by July 21, 2022, they will include the outstanding issues in their August 1, 2022 status report to the Court. (*See* infra Pt.III.D.)

### 7. Document Request 15

#### a. Text of Document Request 15

All documents, including but not limited to, any contracts, services agreements, side agreements, and records of negotiations, between you and each of your vendors.

#### b. June 14 Response to Document Request 15

Objection: Vague and ambiguous as to "side agreements." Overbroad and unduly burdensome in scope, which is unlimited, as the request does not define the facility(ies) to which it pertains. Vague, ambiguous, overbroad, and unduly burdensome as to "vendors" to the extent the request seeks production of documents and information regarding the provision of phone services other than calls between Plaintiff and the putative class members and their clients, and therefore seeks production of documents and information that are not relevant to any party's claims or defenses or proportional to the needs of the case. Improperly seeks confidential business information protected from disclosure pursuant to state and federal procurement law regarding business negotiations between CoreCivic and its "vendors." Unduly burdensome to the extent the request is duplicative of Requests for Production Nos. 8 and 12, above.

Without waiving these objections, CoreCivic **directs Plaintiff to the following contracts, amendments, and correspondence relating to its agreements with ITS vendors for voice call services**:

| ITS | FACILITY | PROD_BEGDOC | PROD_ENDDOC |
|-----|----------|-------------|-------------|
| CCI/AmTel | Nevada Southern | CCKB00000626 | CCKB00000658 |
| CCI/AmTel | Nevada Southern | CCKB00045800 | CCKB00045800 |
| CCI/AmTel | Nevada Southern | CCKB00045801 | CCKB00045801 |
| CCI/AmTel | Nevada Southern | CCKB00045802 | CCKB00045803 |
| CCI/AmTel | Nevada Southern | CCKB00045804 | CCKB00045804 |
| CenturyLink | Multiple Facilities | CCKB00000701 | CCKB00000712 |
| CenturyLink | Multiple Facilities | CCKB00000713 | CCKB00000754 |
| CenturyLink | Adams | CCKB00119764 | CCKB00119775 |
| GTL | Crossroads | CCKB00000755 | CCKB00000782 |
| GTL | Crossroads | CCKB00000783 | CCKB00000796 |
| GTL | Kit Carson | CCKB00118347 | CCKB00118376 |
| GTL | Kit Carson | CCKB00118377 | CCKB00118377 |
| GTL | McRae | CCKB00119744 | CCKB00119762 |

| ITS | FACILITY | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|---|
| GTL | McRae | CCKB00119763 | CCKB00119763 |
| ICSolutions | Multiple Facilities | CCKB00000659 | CCKB00000700 |
| ICSolutions | Nevada Southern | CCKB00052829 | CCKB00052829 |
| ICSolutions | Nevada Southern | CCKB00052830 | CCKB00052830 |
| ICSolutions | Webb | CCKB00104714 | CCKB00104749 |
| NCIC | NW New Mexico | CCKB00119776 | CCKB00119785 |
| NCIC | NW New Mexico | CCKB00119786 | CCKB00119824 |
| NCIC | NW New Mexico | CCKB00119825 | CCKB00119826 |
| Securus | Multiple Facilities | CCKB00000839 | CCKB00000900 |
| Securus | Multiple Facilities | CCKB00000901 | CCKB00000904 |
| Securus | Multiple Facilities | CCKB00000905 | CCKB00000908 |
| Securus | Multiple Facilities | CCKB00000909 | CCKB00000945 |
| Securus | Multiple Facilities | CCKB00000946 | CCKB00000954 |
| Securus | Multiple Facilities | CCKB00000955 | CCKB00000968 |
| Securus | Multiple Facilities | CCKB00000969 | CCKB00000979 |
| Securus | Multiple Facilities | CCKB00000980 | CCKB00001030 |
| Securus | Multiple Facilities | CCKB00001031 | CCKB00001042 |
| Securus | Multiple Facilities | CCKB00001043 | CCKB00001051 |
| Securus | Multiple Facilities | CCKB00001052 | CCKB00001056 |
| Securus | Silverdale | CCKB00000798 | CCKB00000838 |
|  | Multiple Facilities | CCKB00093329 | CCKB00093329 |
|  | Multiple Facilities | CCKB00095505 | CCKB00095506 |
|  | Multiple Facilities | CCKB00095507 | CCKB00095512 |
|  | Multiple Facilities | CCKB00095513 | CCKB00095513 |
|  | Leavenworth | CCKB00095081 | CCKB00095081 |
|  | Lee | CCKB00095082 | CCKB00095083 |
|  | Lee | CCKB00095084 | CCKB00095085 |
|  | Lee | CCKB00095191 | CCKB00095192 |
|  | Nevada Southern | CCKB00099331 | CCKB00099332 |
|  | Webb | CCKB00097092 | CCKB00097092 |
|  | Webb | CCKB00097093 | CCKB00097093 |
|  | Webb | CCKB00097094 | CCKB00097095 |
|  | Webb | CCKB00097096 | CCKB00097096 |
|  | Webb | CCKB00097097 | CCKB00097097 |
|  | Webb | CCKB00097098 | CCKB00097098 |
|  | Webb | CCKB00097099 | CCKB00097100 |
|  | Webb | CCKB00097101 | CCKB00097101 |
|  | Webb | CCKB00097102 | CCKB00097102 |
|  | Webb | CCKB00097103 | CCKB00097103 |
|  | Webb | CCKB00097104 | CCKB00097104 |
|  | Webb | CCKB00097105 | CCKB00097105 |
|  | Webb | CCKB00097106 | CCKB00097106 |
|  | Webb | CCKB00097107 | CCKB00097113 |
|  | Webb | CCKB00097114 | CCKB00097114 |
|  | Webb | CCKB00097115 | CCKB00097115 |
|  | Webb | CCKB00097116 | CCKB00097116 |

| ITS | FACILITY | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|---|
| | Webb | CCKB00097117 | CCKB00097118 |
| | Webb | CCKB00097119 | CCKB00097119 |
| | Webb | CCKB00097120 | CCKB00097120 |
| | Webb | CCKB00097121 | CCKB00097121 |
| | Webb | CCKB00097122 | CCKB00097123 |
| | Webb | CCKB00097124 | CCKB00097124 |
| | Webb | CCKB00097125 | CCKB00097125 |
| | Webb | CCKB00097126 | CCKB00097126 |
| | Webb | CCKB00097127 | CCKB00097127 |
| | Webb | CCKB00097128 | CCKB00097128 |
| | Webb | CCKB00097129 | CCKB00097129 |
| | Webb | CCKB00097130 | CCKB00097136 |
| | Webb | CCKB00097137 | CCKB00097137 |
| | Webb | CCKB00097138 | CCKB00097143 |

CoreCivic **has produced all final executed contracts and amendments and** does not have any other final executed agreements for facilities where CoreCivic's governmental partner contracts directly with a phone provider in its possession, control, or custody. **Should any additional responsive documents be identified during the Second Stage ESI review, CoreCivic will supplement.**

### c. Agreement on Document Request 15

Defendant will confirm that it produced all documents responsive to this request that are in its possession, custody, or control. To the extent Defendant has not, it will produce outstanding documents by July 28, 2022. Defendant will supplement its written responses to specify which documents it does not have (to the extent their existence is known or they are listed on the attachment to Plaintiff's July 21 letter, which attachment is also included here as Exhibit F) and that it has produced all responsive documents within its "possession, custody, or control," will use those words instead of alternative language, will fill in the empty cells of the table listing known responsive documents to the extent possible, and will do so by July 28, 2022.

### 8. Document Request 18

#### a. Text of Document Request 18

All complaints regarding the recording of attorney client communications at any of your facilities.

#### b. June 14 Response to Document Request 18

Objection: Vague and ambiguous as to "complaints." Unduly burdensome to the extent the request seeks information regarding **inmates and** detainees who are not parties to this action and who have not provided a valid, signed release authorizing the production of their personal information and/or to the extent production of the requested documents would violate federal law, including, but not limited to, 47 U.S.C. § 222. Unduly burdensome to the extent the request seeks information that is equally available to Plaintiff by searching the public dockets, and/or that would require CoreCivic to review the grievance file of every **inmate and** detainee who has been housed at a CoreCivic facility to determine whether the **inmate or** detainee submitted any "complaints" regarding the alleged recording of their phone calls with their attorney(s). Unduly burdensome to the extent the request is duplicative of Request for Production No. 8, above.

Without waiving, and subject to, these objections, CoreCivic **directs Plaintiff to the following:**

| FACILITY | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|
| Multiple Facilities | CCKB00090823 | CCKB00090823 |
| Multiple Facilities | CCKB00090824 | CCKB00090831 |
| Multiple Facilities | CCKB00096275 | CCKB00096276 |
| Leavenworth | CCKB00072283 | CCKB00072284 |
| Leavenworth | CCKB00072285 | CCKB00072288 |
| Leavenworth | CCKB00094267 | CCKB00094268 |
| Leavenworth | CCKB00094566 | CCKB00094566 |
| Leavenworth | CCKB00094567 | CCKB00094568 |
| Leavenworth | CCKB00094571 | CCKB00094571 |
| Leavenworth | CCKB00094572 | CCKB00094572 |
| Leavenworth | CCKB00094573 | CCKB00094573 |
| Leavenworth | CCKB00094574 | CCKB00094574 |
| Leavenworth | CCKB00096475 | CCKB00096475 |
| Leavenworth | CCKB00096476 | CCKB00096476 |
| Leavenworth | CCKB00096477 | CCKB00096477 |
| Leavenworth | CCKB00096478 | CCKB00096478 |
| Leavenworth | CCKB00096479 | CCKB00096479 |
| Leavenworth | CCKB00096480 | CCKB00096480 |
| Leavenworth | CCKB00096481 | CCKB00096481 |
| Leavenworth | CCKB00096482 | CCKB00096482 |
| Marion County Jail | CCKB00096277 | CCKB00096278 |
| Nevada Southern | CCKB00045775 | CCKB00045777 |
| Nevada Southern | CCKB00045778 | CCKB00045778 |
| Nevada Southern | CCKB00045809 | CCKB00045809 |
| Nevada Southern | CCKB00045811 | CCKB00045811 |
| Nevada Southern | CCKB00045861 | CCKB00045861 |
| Nevada Southern | CCKB00045862 | CCKB00045862 |

| FACILITY | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|
| Nevada Southern | CCKB00045863 | CCKB00045863 |
| Nevada Southern | CCKB00055449 | CCKB00055450 |
| Nevada Southern | CCKB00055451 | CCKB00055451 |
| Nevada Southern | CCKB00056719 | CCKB00056719 |
| Nevada Southern | CCKB00056720 | CCKB00056751 |
| Nevada Southern | CCKB00070152 | CCKB00070152 |
| Nevada Southern | CCKB00070153 | CCKB00070163 |
| Nevada Southern | CCKB00070164 | CCKB00070164 |
| Nevada Southern | CCKB00071079 | CCKB00071079 |
| Nevada Southern | CCKB00071080 | CCKB00071080 |
| Nevada Southern | CCKB00091321 | CCKB00091323 |
| Nevada Southern | CCKB00091324 | CCKB00091324 |
| Nevada Southern | CCKB00091325 | CCKB00091326 |
| Nevada Southern | CCKB00091327 | CCKB00091327 |
| Nevada Southern | CCKB00098660 | CCKB00098661 |
| Nevada Southern | CCKB00101265 | CCKB00101267 |
| Nevada Southern | CCKB00101268 | CCKB00101268 |
| Stewart | CCKB00092476 | CCKB00092477 |
| Stewart | CCKB00092478 | CCKB00092542 |
| Stewart | CCKB00092543 | CCKB00092543 |
| Stewart | CCKB00096471 | CCKB00096474 |

**CoreCivic anticipates that additional responsive documents will be identified during the Second Stage ESI review and will subsequently be produced.**

### c.   Agreement on Document Request 18

Defendant is searching grievance logs for its facilities and will supplement with any responsive grievances identified on or before July 28, 2022. Defendant will rely on second stage ESI to produce any additional documents responsive to this request.

### 9.   Document Request 20

### a.   Text of Document Request 20

All documents regarding any statement previously made by you or any other person regarding the claims and/or defenses asserted in this Action, including any written statement signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical, or other type of recording, or any transcription thereof, which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded

### b. June 14 Response to Document Request 20

Objection: Compound. Vague and ambiguous as to "statement." Overbroad and unduly burdensome in scope, which is unlimited, as the request does not define the facility(ies) to which it pertains. Improperly seeks production of documents protected by the attorney-client and/or work product privilege. Improperly seeks production of "statement[s]" made by persons or entities other than CoreCivic and those acting on its behalf (i.e., "you or *any other person*") (emphasis added) which are not in CoreCivic's possession, custody, or control. Unduly burdensome to the extent the request seeks production of publicly-released "statements" that are equally available to Plaintiff. Unduly burdensome to the extent the request is duplicative of Requests for Production Nos. 8-9, 11-12, and 17, above.

Without waiving these objections, **CoreCivic directs Plaintiff to those documents identified in its responses to Requests for Production Nos. 8-9, 11-12, and 17, above**. **Plaintiff is also directed to the record in the matter of** *United States v. Robert Kincaid,* **D. Nev. Case No. 2:15-cr-71-JAD-GWF, which may contain responsive statements, including but not limited to the Transcript of the November 23, 2016 proceedings [ECF 223], where Plaintiff and the AUSA questioned NSDC Investigator A. Zavala. Should any additional non-duplicative responsive documents will be identified during the Second Stage ESI review, CoreCivic will supplement.**

### c. Agreement on Document Request 20

At present, there are no continuing disputes regarding Request 20.

### 10. <u>Document Request 21</u>

### a. Text of Document Request 21

Data, in .xls, .cvs, or text-delimited format, reflecting all phone calls placed by inmates, pre-trial detainees, and other incarcerated persons at any of your facilities during the relevant time period. The data should include the name of the inmate, pre-trial detainee, or other incarcerated person placing the phone call; date of the phone call; phone number called; duration of the phone call; and whether the phone call was recorded.

### *b.   June 14 Response to Document Request 21*

Because the parties have agreed on this request and given that the response is 75 pages long, the parties are attaching the response as Exhibit G. The responses for which the parties have disputes are stated in full below.

### *c.   Agreement on Document Request 21*

At Defendant's request, Plaintiff agreed to—and did—compile and send Defendant a list of the vendors that Plaintiff would need to move to compel in order to get the call data responsive to Document Request 21. Defendant represents that it does not have possession of or the ability to download the outstanding call data identified in Plaintiff's list. Defendant will attempt to use its contacts to obtain the outstanding call data. To the extent Defendant (i.e., any of the 47 facilities and/or FSC) is able to acquire outstanding call data through these contacts, Defendant will produce it to Plaintiff within 10 days of receipt from the vendor. Defendant will provide an update to Plaintiff at the meet and confer on July 21, 2022 regarding its ability to obtain the outstanding call data from its vendor contacts. The parties subsequently agreed that, to the extent Defendant is unable to obtain all responsive documents and the parties cannot devise a solution by during the July 21, 2022 meet and confer, they will include the outstanding issues in their August 1, 2022 status report to the Court. (See infra Pt. III.D.) Notwithstanding the foregoing, Plaintiff reserves the right to argue that all such outstanding documents are within Defendant's possession, custody, or control.

## II.      SUMMARY OF OUTSTANDING DISCOVERY ISSUES

### A.   ISSUES WITH INTERROGATORY RESPONSES 4, 5, AND 6

Although Defendant agreed to supplement its responses to these interrogatories, in the course of preparing this joint status report, the parties came to understand they were not in agreement as to how Defendant would supplement its responses.

### 1.  Text of Interrogatory 4

Identify each attorney who has notified you of his or her telephone number during the relevant period, the phone number identified by that attorney, and the date the notification was made.

### 2.  June 14 Response to Interrogatory 4

Objection: Vague and ambiguous as to "notified" and "notification." Unduly burdensome to the extent the request is duplicative of Requests for Production Nos. 3-4, 8-9, 11-12, and 16-18. Without waiving these objections, Plaintiff is directed to the documents identified in response to Requests for Production Nos. 5, 11 and 18, from which she may identify communications from attorneys which may contain telephone numbers in the email body or signature block.

### 3.  Text of Interrogatory 5

Identify each attorney who you are aware has represented clients detained at any of your facilities during the relevant time period.

### 4.  June 14 Response to Interrogatory 5

Objection: Vague and ambiguous as to "aware." Unduly burdensome to the extent the request is duplicative of Interrogatory No. 4, above, and Requests for Production Nos. 3-4, 8-9, 11-12, and 16-18. Without waiving these objections, Plaintiff is directed to the documents identified in response to Requests for Production Nos. 2, 5, 10, 11, 12 and 18, from which she may identify communications in which CoreCivic may have received knowledge that an inmate or detainee was represented by a particular attorney.

### 5.  Text of Interrogatory 6

Identify all telephone numbers associated with any attorney and/or law firm to which any detainee at any of your facilities has place[d] a phone call.

### 6.  June 14 Response to Interrogatory 6

Objection: Overbroad and unduly burdensome in time, which is unlimited. Vague and ambiguous as to "associated with." Overbroad and unduly burdensome to the extent the request seeks information regarding attorneys who represent clients at CoreCivic's facilities for reasons other than criminal matters, such that they are not putative class members. Overbroad and unduly burdensome to the extent the request seeks information regarding all calls a "detainee" may have made to "any attorney and/or law firm" to the extent the request includes attorneys or law firms who did not actually represent the "detainee" at the time of the call, such that the request seeks information that is not relevant to any party's claims or defenses or proportional to the needs of the

case. Unduly burdensome to the extent the request is duplicative of Interrogatories Nos. 4-5, above, and Requests for Production Nos. 3-4, 8-9, 11-12, and 16-18. Without waiving these objections, Plaintiff is directed to the documents identified in response to Requests for Production Nos. 2, 5, 10, 11, 12 and 18, from which she may identify those communications in which CoreCivic may have received information that a particular phone number was purportedly associated with an attorney or law firm. However, by so responding, CoreCivic does not admit that all such numbers in fact belong to bona fide legal counsel. *See, e.g.,* CCKB00071114-CCKB00071116, and CCKB00097144-CCKB0097147.

### 7. Plaintiff's Position on Interrogatories 4, 5, and 6

Defendant's responses improperly shift the burden to Plaintiff. The wording indicates that *Plaintiff* may be able to determine the interrogatory answers from the produced documents but says nothing about what *CoreCivic* knew/was aware of. And "a party may not merely refer another party to documents hoping the other party will be able to glean the requested information from them." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, No. 10-CV-02139-MSK-NYW, 2015 WL 3635422, at *5 (D. Colo. June 11, 2015) (citation omitted). Defendant's responses these interrogatories also improperly shifts the burden of discovery to Plaintiff – quite literally telling her to hunt through the over 18,000 documents it produced searching for email addresses in signature blocks and attorney phone numbers in emails. *See Transportes Aereos De Angola v. Ronair, Inc.*, 104 F.R.D. 482, 499 (D. Del.1985) ("The court will not permit defendants to shift the burden of discovery by telling 'plaintiff that, if he wishes, he may hunt through all the documents and find the information for himself.'"). To be clear, the issue here is the wording of Defendant's response. This interrogatory asks about what CoreCivic knew, not what Plaintiff could determine by viewing documents. In meeting and conferring, Plaintiff believed the parties had reached an agreement that Defendant would supplement to address the wording at issue; however, Defendant's edits to a draft of this report indicated that the parties were not, in fact, in agreement on this issue. That said, Defendant is planning to supplement its responses. Accordingly, to the extent the parties continue to disagree after receipt of Defendant's July 28 supplemental responses, they will include this issue in their August 1 status report.

### 8.  Defendant's Position on Interrogatories 4, 5, and 6

During the parties' recent meet and confer, counsel for CoreCivic explained to Plaintiff's counsel that CoreCivic does not maintain central lists of inmates'/detainees' attorneys and that CoreCivic becomes "aware" that an attorney is representing an inmate/detainee when it receives a communication from the attorney requesting a telephone call, legal visit, etc., which usually occurs through a telephone call, email, or letter from the attorney to facility staff. Even then, however, the information is not placed on a central list; once staff have confirmed that the person making the request is an attorney, they simply set up the telephone call, legal visit, etc. The communications to and from the attorneys in carrying out these functions are most likely to be identified in ESI, including ESI that has already been produced and ESI that will be produced in second-stage ESI. In order to provide the information Plaintiffs request in Interrogatories 4, 5, and 6, counsel for CoreCivic would have to go through the documents one by one to gather it. Because the burden of doing so would be substantially the same for counsel for either party, CoreCivic referred Plaintiff to the documents produced in response to Requests for Production 2 (subpoenas and other requests for recorded inmate/detainee telephone calls), 5 (Do Not Record lists), 10 (handbooks and other communications to/from inmates/detainees pertaining to telephone calls), 11 (handbooks and other communications to/from attorneys for inmates/detainees pertaining to telephone calls), 12 (communications to/from telephone vendors pertaining to recording and/or monitoring of inmate/detainee telephone calls), and 18 (complaints regarding the recording of attorney-client communications) pursuant to Fed. R. Civ. P. 33(d) ("If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could and giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries."). As of June 14, 2022, each response to the Requests for Production identified above lists out—by Bates number—the documents CoreCivic considers to be responsive,

1  such that Plaintiff would not have to "hunt through the over 18,000 documents [CoreCivic]

2  produced,"[4] as she complains.

3   Counsel for CoreCivic thought that Plaintiff's counsel had accepted this explanation during

4  the meet and confer, was intending to supplement its responses to Interrogatories 4, 5, and 6 to

5  formally include it, and was surprised to find out through the preparation of this Joint Status Report

6  that Plaintiff's counsel still considers these requests to be in dispute. The cases cited by Plaintiff

7  are distinguishable and do not require CoreCivic to do anything different than it has done. In *Lenox*

8  *MacLaren Surgical Corp. v. Medtronic, Inc.*, 2015 WL 3635422, *5 (D. Colo. June 11, 2015), the

9  defendants did not provide lists by Bates number of responsive documents, but merely referred

10  generally to "the briefing related to the summary judgment motion and the appellate record in this

11  case." Not surprisingly, the district court found that response insufficient, and stated that in order

12  to permissibly rely upon documents in responding to an interrogatory, "the response must identify

13  the specific responsive documents." *Id*. In *Transportes Aereos De Angola v. Ronair, Inc.*, 104

14  F.R.D. 482, 496 (D. Del.1985), the defendant referred the plaintiff to approximately 250,000

15  documents that "may be germane to this case," but that had previously been produced to the IRS

16  as part of an investigation to determine the defendant's income since 1977. In that context, the

17  district court stated that it "will not permit defendants to shift the burden of discovery by telling

18  plaintiff that, if he wishes, he may hunt through all the documents and find the information for

19  himself." *Id*. at 500 (internal citation and quotations omitted). Neither case applies here, as

20  CoreCivic has listed out by Bates number the specific documents that it believes are responsive to

21  Plaintiff's requests and will continue to do so going forward.

22   By July 28, 2022, Defendant will supplement its responses to include the explanation given

23  above as to how CoreCivic becomes "aware" that a particular attorney is representing a particular

24  inmate/detainee. Consistent with Rule 33(d), Defendant will continue to rely on reference to

25  previously produced records, as the burden of deriving the answer from such records would be

26  substantially the same for either party. To the extent the parties continue to disagree, they will

27  include this issue in their August 1 status report.

28

---

[4] CoreCivic has produced these documents in response to Plaintiff's broad discovery requests, which Plaintiff has consistently refused to narrow.

**B. ISSUES WITH RESPONSES TO DOCUMENT REQUESTS**

   **1.  Document Request 7**

      *a.  Text of Document Request 7*

Training materials regarding the use of any secure call platform received by you from any vendor, regarding the use, management and operation of the secure call platform.

      *b.  June 14 Response to Document Request 7*

Objection: Vague and ambiguous as to "[t]raining materials" and "secure call platform." Overbroad and unduly burdensome in scope, which is unlimited, as the request does not define the facility(ies) to which it pertains. Vague, ambiguous, overbroad, and unduly burdensome as to "vendor" to the extent the request seeks production of documents and information regarding the provision of phone services other than calls between Plaintiff and the putative class members and their clients, and therefore seeks production of documents and information that are not relevant to any party's claims or defenses or proportional to the needs of the case. Unduly burdensome to the extent the request is duplicative of Request for Production No. 8, below.

Without waiving these objections, no such training documents have been identified as existing in any hardcopy or loose ESI form available at **any facility**. **Certain documents relating to training have been identified during the First Stage ESI collection, as follows:**

| FACILITY | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|
| Multiple Facilities | CCKB00048980 | CCKB00048980 |
| Multiple Facilities | CCKB00048981 | CCKB00048981 |
| Multiple Facilities | CCKB00048982 | CCKB00048982 |
| Multiple Facilities | CCKB00048983 | CCKB00048983 |
| Multiple Facilities | CCKB00049395 | CCKB00049397 |
| Multiple Facilities | CCKB00049398 | CCKB00049398 |
| Multiple Facilities | CCKB00051709 | CCKB00051711 |
| Multiple Facilities | CCKB00091139 | CCKB00091141 |
| Multiple Facilities | CCKB00091142 | CCKB00091142 |
| Multiple Facilities | CCKB00091143 | CCKB00091143 |
| Multiple Facilities | CCKB00091144 | CCKB00091144 |
| Multiple Facilities | CCKB00091145 | CCKB00091145 |
| Multiple Facilities | CCKB00091146 | CCKB00091146 |
| Multiple Facilities | CCKB00091147 | CCKB00091148 |
| Multiple Facilities | CCKB00096275 | CCKB00096276 |
| Multiple Facilities | CCKB00098720 | CCKB00098720 |
| Multiple Facilities | CCKB00098721 | CCKB00098721 |

| FACILITY | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|
| Multiple Facilities | CCKB00098725 | CCKB00098726 |
| Multiple Facilities | CCKB00098727 | CCKB00098728 |
| Multiple Facilities | CCKB00098746 | CCKB00098747 |
| Central Arizona DC | CCKB00077665 | CCKB00077668 |
| Central Arizona DC | CCKB00077669 | CCKB00077669 |
| Central Arizona DC | CCKB00077670 | CCKB00077670 |
| Central Arizona DC | CCKB00077671 | CCKB00077671 |
| Central Arizona DC | CCKB00077672 | CCKB00077675 |
| Marion County Jail | CCKB00096277 | CCKB00096278 |
| Nevada Southern | CCKB00045806 | CCKB00045808 |
| Nevada Southern | CCKB00049042 | CCKB00049042 |
| Nevada Southern | CCKB00049043 | CCKB00049043 |
| Nevada Southern | CCKB00051334 | CCKB00051334 |
| Nevada Southern | CCKB00051335 | CCKB00051335 |
| Nevada Southern | CCKB00051336 | CCKB00051336 |
| Nevada Southern | CCKB00051337 | CCKB00051447 |
| Nevada Southern | CCKB00051510 | CCKB00051512 |
| Nevada Southern | CCKB00051513 | CCKB00051515 |
| Nevada Southern | CCKB00056882 | CCKB00056883 |
| Nevada Southern | CCKB00056884 | CCKB00056884 |
| Nevada Southern | CCKB00058528 | CCKB00058528 |
| Nevada Southern | CCKB00058529 | CCKB00058529 |
| Nevada Southern | CCKB00058530 | CCKB00058531 |
| Nevada Southern | CCKB00062060 | CCKB00062060 |
| Nevada Southern | CCKB00062906 | CCKB00062906 |
| Nevada Southern | CCKB00062907 | CCKB00062907 |
| Nevada Southern | CCKB00062908 | CCKB00062908 |
| Nevada Southern | CCKB00062913 | CCKB00062914 |
| Nevada Southern | CCKB00062959 | CCKB00062960 |
| Nevada Southern | CCKB00064053 | CCKB00064053 |
| Nevada Southern | CCKB00064054 | CCKB00064054 |
| Nevada Southern | CCKB00069925 | CCKB00069926 |
| Nevada Southern | CCKB00070295 | CCKB00070295 |
| Nevada Southern | CCKB00070296 | CCKB00070406 |
| Nevada Southern | CCKB00070407 | CCKB00070486 |
| Nevada Southern | CCKB00070487 | CCKB00070488 |
| Nevada Southern | CCKB00070489 | CCKB00070491 |
| Nevada Southern | CCKB00071593 | CCKB00071593 |
| Nevada Southern | CCKB00098648 | CCKB00098648 |
| Nevada Southern | CCKB00098649 | CCKB00098649 |
| Nevada Southern | CCKB00098650 | CCKB00098651 |
| Nevada Southern | CCKB00098652 | CCKB00098652 |
| Nevada Southern | CCKB00098653 | CCKB00098653 |
| Nevada Southern | CCKB00098654 | CCKB00098654 |
| Nevada Southern | CCKB00098655 | CCKB00098656 |
| Nevada Southern | CCKB00098657 | CCKB00098657 |

| FACILITY | PROD_BEGDOC | PROD_ENDDOC |
|---|---|---|
| Nevada Southern | CCKB00103958 | CCKB00103958 |
| Nevada Southern | CCKB00103959 | CCKB00103959 |
| Nevada Southern | CCKB00104183 | CCKB00104183 |
| Nevada Southern | CCKB00104184 | CCKB00104185 |

**CoreCivic anticipates that additional responsive documents will be identified during the Second Stage ESI review and will subsequently be produced.  However, in terms of the specific content of web-based training provided by the ITS system providers, s**uch documents, if they exist, may exist only within ESI or may exist exclusively in archives or on e-learning platforms which are in the exclusive possession, control, and custody of CoreCivic's **or CoreCivic's governmental partners'** various ITS providers.

### c.  Plaintiff's Position on Document Request 7

During the meet and confer, Defendant suggested that the training materials responsive to Document Request 7 are primarily in the inmate/detainee handbooks. Plaintiff clarified that the Request includes training materials for staff as well. Defendant then stated that staff training materials would likely be in staff user folders; though, Defendant was not certain about that or whether the folders would be collected and produced as part of second stage ESI. Following the meet-and-confer, Defendant clarified that user folders will ***not*** be part of second stage ESI and that they cannot be indexed and searched. Absent this issue, Plaintiff believes Request 7 would likely be a good candidate for sampling. However, sampling will not work if documents cannot actually be searched.

### d.  Defendant's Position on Document Request 7

Plaintiff's request specifically seeks training materials "received by you from any vendor." Training materials were produced by Praeses in response to Plaintiff's subpoena duces tecum for those facilities where CoreCivic manages the telephone system. Defendant has confirmed with Praeses that all responsive materials for those facilities have been produced. At facilities where the telephone system is not managed by CoreCivic, there are unlikely to be any responsive documents received by CoreCivic from the telephone vendors. Defendant anticipates that to the extent any additional responsive materials received from the telephone vendors exist, they may be identified through the second stage ESI collection, which includes the names of the telephone vendors as

proposed search terms. Defendant is not opposed to sampling from a reasonable subset of facilities for this request, but locating responsive documents other than through the second stage ESI collection will require individual facilities to ask employees who have contact with the telephone vendors to manually search their emails and any hard copy training files they may maintain for any training materials they may have received from the telephone vendors.

### e.  Status of Discussions on Document Request 7

Following the meet-and-confer, Plaintiff sent Defendant questions pertaining to user folders and staff training materials. Defendant will be prepared to discuss these questions at the July 21, 2022 meet-and-confer.

## 2.  Document Request 19

### a.  Text of Document Request 19

All sales and promotional materials distributed or made available between you and any of your vendors and/or the Federal Marshal Service.

### b.  June 14 Response to Document Request 19

Objection: Vague and ambiguous as to "sales and promotional materials" and "Federal Marshal Service." Overbroad and unduly burdensome in scope, which is unlimited, as the request does not define the facility(ies) to which it pertains. Vague, ambiguous, overbroad, and unduly burdensome as to "vendors" to the extent the request seeks production of documents and information regarding the provision of phone services other than calls between Plaintiff and the putative class members and their clients, and therefore seeks production of documents and information that are not relevant to any party's claims or defenses or proportional to the needs of the case. Overbroad and unduly burdensome to the extent the request seeks documents regarding "sales and promotional materials" pertaining to matters other than the facilitation of phone calls between Plaintiff and the putative class members and their clients, and therefore seeks production of documents and information that are not relevant to any party's claims or defenses or proportional to the needs of the case. Unduly burdensome to the extent the request is duplicative of Request for Production No. 8, above.

Without waiving, and subject to, these objections, CoreCivic will only produce such documents relating to promotion relating to the Inmate Telephone System, but will withhold all

other "sales and promotional materials" relating to any other CoreCivic vendor, such as pharmaceutical vendors, clothing vendors, food service vendors, and commissary vendors. CoreCivic has not identified any responsive documents **to date. Should any additional responsive documents be identified during the Second Stage ESI review, CoreCivic will supplement.**

### c. *Plaintiff's Position on Document Request 19*

During the meet-and-confer, Defendant seems to have realized for the first time that Request 19 encompasses sales and promotional materials distributed by or made available between Defendant and its vendors, not just government entities. Defendant agreed to search for vendor materials but remains insistent that there are no government materials responsive to Request 19. The parties disagree as to the nature of sales and promotional materials and scope of the request. Sales and promotional materials are more than just brochures and pamphlets—they are any materials used or distributed in the process of selling or promoting goods or services. The request uses the phrase "made available between you and…," so it includes materials vendors or the government gave Defendant, not just the other way around. And, during the meet-and-confer Defendant implied that the request is somehow limited to materials advertising Defendant's ability to not record attorney telephone calls. That is incorrect.

### d. *Defendant's Position on Document Request 19*

This request is confusingly drafted, and ignores the realities of government contracting, in which CoreCivic responds to Requests for Proposals, and is not "advertising" itself to potential government partners. Plaintiff's explanation of her position is similarly confusing, and the parties had never discussed either this request or Plaintiff's position prior to the meet and confer on June 28, 2022. It remains unclear what "sales and promotional materials" would have been provided by the United States Marshals Service (or by any other government partner) to CoreCivic or vice versa. It is likewise unclear what "sales and promotional materials" would have been provided by CoreCivic to any telephone vendor or vice versa. To the extent that any responsive materials exist, they are likely to take the form of either (1) materials provided by a telephone vendor to CoreCivic, or (2) materials provided by CoreCivic to a government partner. Defendant has agreed to search for vendor materials and is also reviewing its responses to Requests for Proposals from its

government partners for any responsive materials. Contrary to Plaintiff's assertions, this search is not limited to materials advertising Defendant's ability to not record attorney telephone calls.

### e.   Status of Discussions on Document Request 19

The parties will be prepared to discuss this issue at the July 21, 2022 meet-and-confer.

### C.   DOCUMENTS WITHHELD BASED ON CLAIMED PRIVILEGE

This discovery issue concerns Defendant's assertion of the attorney-client, work product, and/or joint defense privileges with respect to 83 documents responsive to the subpoena Plaintiff served on a third party, Praeses. Praeses withheld those documents at Defendant's request and directed Plaintiff to Defendant to discuss the issue.

### 1.   Plaintiff's Position

Defendant improperly asserted privilege to prevent Praeses—a third party—from producing documents responsive to Plaintiff's subpoena. Praeses withheld 83 documents in response to Plaintiff's subpoena. However, Praeses did not assert privilege on its own behalf, instead it withheld documents because Defendant asserted privilege as to the documents. Praeses listed "Attorney Client Communication" as the basis for withhold each document but many of the items on Praeses's privilege log are emails in which neither the sender nor any recipient is a lawyer. Defense counsel later clarified that 23 of the documents would be produced, nine of the documents "are not responsive," and that Defendant was asserting "Attorney/Client, Work Product and Joint Defense privileges" as to the remaining 51 documents. At the meet-and-confer, Defendant clarified that it views Praeses as its agent and that conversations between Praeses and CoreCivic employees for the purpose of answering Defendant's attorneys' questions are privileged.

Following the meet-and-confer, Defendant produced 62 documents—including seven placeholder documents and 41 redacted documents—and a new privilege log reflecting all parties to each email. Defendant's new privilege log contains 83 emails, 19 of which are marked as "Not Privileged." The log does not specify the type of privilege, it simply lists "AC/WP; Joint Defense/Common Interest" for 61 emails, including 22 emails that were sent before this case was even filed. The log also includes three emails classified as "Preservation Notice – Not Required to be Logged; AC/WP; Joint Defense/Common Interest." Defendant also asserts that there are five

1 unresponsive emails. Accordingly, there are now just 69 documents in dispute.

2       Plaintiff requests that Defendant: (1) allow the subpoenaed party—Praeses—to produce the

3 documents that Defendant claims are unresponsive since Praeses already determined that they are

4 responsive and Defendant failed to object to the production by the subpoena return date; (2) specify

5 the exact privilege it believes applies to each email (e.g., attorney-client versus joint defense instead

6 of always listing both); (3) explain why attorney-client privilege applies to the 54 emails that appear

7 not to include an attorney and the 22 emails sent prior to litigation; and (4) explain why joint

8 defense/common interest protections apply to the 22 emails sent prior to litigation, the 12 emails

9 with subject lines requesting documents from a facility (e.g., "FW: Bliss v. CoreCivic – Documents

10 needed from Webb"), the 7 emails with subjects lines requesting documents without specifying a

11 facility (e.g., "RE: Documents Request – Bliss v. CoreCivic"), the 11 emails with subject lines

12 regarding vendor proposals (e.g., "RE: Bliss v. CoreCivic – Phone System Vendor Proposals"), the

13 two emails with subject lines regarding subpoenas (e.g., "Subpoenas Expected"), and disclose if

14 and when Defendant and Praeses entered into a common interest or joint defense agreement.

15       **2.  Defendant's Position**

16       Defendant will provide further explanation in writing to Plaintiff regarding its assertion of

17 the attorney-client, work product, joint defense, and common interest privileges prior to the July

18 21, 2022 meet-and-confer. Defendant maintains that non-responsive documents should not be

19 produced. Contrary to Plaintiff's assertion above, Defendant was unable to object to the production

20 of non-responsive documents prior to the subpoena return date because it had not yet seen which

21 documents Praeses identified as responsive but privileged.

22       **3.  Status of Discussions Regarding Claimed Privilege**

23       The parties will be prepared to discuss this issue at the July 21, 2022 meet-and-confer.

24 **III.    NEXT STEPS**

25       **A. Next Meet-and-Confer**

26       The parties will meet and confer about the outstanding issues set out above on July 21, 2022

27 at 10:00 a.m. AZ/12:00 p.m. CT.

28       Due to the length of this case and the number of times the parties have gone back and forth

1   about the discovery requests, it is Plaintiff's position that any issues not resolved at or before the

2   July 21, 2022 meet-and-confer will be ripe for the Court's consideration.

3   **B. ADDITIONAL DISCOVERY**

4   Plaintiff notes that the above discovery is not all the discovery left to be taken in this case.

5   Defendant's responses to Plaintiff's first set of requests for admission are due on July 15, 2022, as

6   are Defendant's responses to four additional interrogatories that Plaintiff served following the

7   30(b)(6) deposition of Defendant. Additionally, Plaintiff intends to notice further depositions

8   following receipt of the written responses that are due on July 15.

9   **C. CLASS CERTIFICATION AND DISCOVERY DEADLINES**

10   The deadline to complete fact discovery is set at 60 days following the Court's order on

11   class certification. (ECF No. 156.) Plaintiff's class certification motion is not due until December

12   19, 2022. (*Id.*) Accordingly, at this time, Plaintiff does not think an extension of the fact discovery

13   deadline is necessary. Plaintiff notes, however, that the deadline for her to disclose any class

14   certification expert is September 1, 2022. (*Id.*) At this time, Plaintiff believes it unlikely she will be

15   using a true expert under Federal Rule of Evidence 702 for class certification given that any data

16   analysis she currently intends to rely upon would be akin to a counting exercise using data produced

17   in this litigation. That said, the above-referenced discussions over a stipulation on representative

18   sampling, as well as ongoing second stage ESI may ultimately require different strategy.

19   Accordingly, the parties will discuss whether any changes to class certification-related deadlines

20   need to be made at the July 21, 2022 meet-and-confer, by which time the parties will know whether

21   there are any outstanding ESI or sampling issues.

22   **D. STATUS REPORT**

23   The parties will file another status report with the Court ten days following the July 21,

24   2022 meet-and-confer and will set out any issues left for the Court to decide as to written discovery

25   and document productions to date, as well as the parties' positions on the same.

26

27

28

Date: July 8, 2022

NICHOLS KASTER, PLLP

s/Charles J. O'Meara
Matthew H. Morgan* MN Bar No. 304657
Anna P. Prakash* MN Bar No. 0351362
Charles A. Delbridge* MN Bar No. 0386639
Rebekah L. Bailey* MN Bar No. 0389599
Charles J. O'Meara* MN Bar No. 0402777
NICHOLS KASTER, PLLP
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: 612.256.3200
morgan@nka.com
aprakash@nka.com
cdelbridge@nka.com
bailey@nka.com
comeara@nka.com

NICHOLS KASTER, LLP
Matthew C. Helland* CA Bar No. 250451
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
helland@nka.com

Michael Hodgson* MO Bar No. 63677
THE HODGSON LAW FIRM, LLC
3609 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600.0117
mike@thehodgsonlawfirm.com

Lance D. Sandage* MO Bar No. 46022
SANDAGE LAW LLC
1600 Genessee Street, Suite 655
Kansas City, MO 64102
Tel: 816.753.0800
lance@sandagelaw.com

Joseph K. Eischens* MO Bar No. 44706
LAW OFFICE OF JOSEPH K. EISCHENS
8013 Park Ridge Dr.
Parkville, MO 64152
Tel: 816.945.6393
joe@jkemediation.com

STRUCK LOVE BOJANOWSKI &
ACEDO, PLC

s/Anne M. Orcutt
Daniel P. Struck
Rachel Love
Jacob B. Lee
Ashlee B. Hesman
Anne M. Orcutt
Eden G. Cohen
3100 West Ray Road, Suite 300
Chandler, AZ 85226
dstruck@strucklove.com
rlove@strucklove.com
jlee@strucklove.com
ahesman@strucklove.com
aorcutt@strucklove.com
ecohen@strucklove.com

Gina G. Winspear
DENNETT WINSPEAR
3301 North Buffalo Dr., Suite 195
Las Vegas, NV 89129
gwinspear@dennettwinspear.com

Attorneys for Defendant CoreCivic, Inc

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Paul S. Padda
NV Bar No. 10417
PAUL PADDA LAW, PLLC
4560 South Decatur Blvd., Suite 300
Las Vegas, NV 89103
Tel: 702.366.1888
psp@paulpaddalaw.com

*Admitted pro hac vice

Attorneys for Plaintiff and the Proposed
Classes