UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHLEEN BLISS, on behalf of herself, the Proposed Nationwide Rule 23 Class, and the Proposed Nevada Subclass,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC.,<br><br>Defendant. | Case No. 2:18-cv-01280-JAD-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Seal. ECF No 229. Plaintiff seeks a Court Order sealing her Motion for Class Certification along with two Declarations and numerous Exhibits attached to the same. Plaintiff states that the material she seeks to seal has either been marked "Confidential / Attorneys' Eyes Only" by Defendant or, in Plaintiff's judgment, should be sealed, as it relates to the materials marked confidential. *Id.* at 1-2.

As the party seeking to seal a judicial record, Plaintiffs must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Id.*, 417 F.3d at 1179 (citation omitted). A motion for class certification falls in the dispositive motion category. *Adtrader, Inc. v. Google LLC*, Case No. 17-CV-07082-BLF, 2020 WL 6391210, at \*2 (N.D. Cal. Mar. 24, 2020) (collecting cases) ("[T]he compelling reasons standard applies to motions to seal documents relating to class certification.").

The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records.

*Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

Regarding information touching on business operations, proprietary information, and internal policies and procedures, a reviewing court may grant the motion to seal if there are compelling reasons sufficient to outweigh the public's interest in disclosure of the information. *Callahan v. PlusFour, Inc.*, Case No. 2:17-CV-2513 JCM (GWF), 2019 WL 302492, at *5 (D. Nev. Jan. 23, 2019), *citing Kamakana*, 447 F.3d at 1178-79. There is also an interest in keeping the information and interests of non-party employees secret. *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 5923426, at *2 (D. Nev. Nov. 1, 2013).

The Court reviewed the instant Motion to Seal and all Exhibits sought to be sealed. The Court finds Plaintiff's sealing request is supported by compelling reasons. The Exhibits include excerpts of various depositions, declarations of individuals, email chains, and scans of company handbooks and other property containing proprietary business information as well as descriptions and discussions of Defendant's internal policies. The Court further finds compelling reasons to seal several Exhibits containing information relating to the activities of nonparty business entities.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Seal Exhibits PX3, PX6-PX42, PX44-PX63, PX69-PX70, and PX72-PX87 to Plaintiff's Motion for Class Certification (ECF No. 229) is GRANTED.

IT IS FURTHER ORDERED that Exhibits PX3, PX6-PX42, PX44-PX63, PX69-PX70, and PX72-PX87 to Plaintiff's Motion for Class Certification (ECF No. 228) are and shall remain sealed.

Dated this 12th day of June, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE